In the Matter of John P. WRIGHT, Special Agent, Internal Revenue Service, Petitioner,

v.

C. Galen DETWILER, as Secretary of New Enterprise Stone and Lime Company, Inc., Respondent.

No. 3470 Misc.

United States District Court
W. D. Pennsylvania.

June 24, 1964.

Motion for Reconsideration Denied
Sept. 24, 1964.

David Hill, Asst. U. S. Atty., Pittsburgh, Pa., for petitioner.

Raymond W. Cromer, Beck, McGinnis & Jarvis, Pittsburgh, Pa., Michael Von Moschzisker, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for respondent.

WILLSON, District Judge.

Plaintiff in this civil action is John P. Wright, Special Agent in the Intelligent Division of Internal Revenue Service. He seeks the enforcement of an Internal Revenue Service subpoena directed to C. Galen Detwiler, Secretary of New Enterprise Stone and Lime Company, Inc., New Enterprise, Pennsylvania. The summons was issued under authority of 26 U.S.C.A. § 7602. It contained a duces tecum provision calling for the production of:

"All books 'and/or' records pertaining to the receipt of funds by New Enterprise Stone & Lime Co., Inc., from the Independent Oil Co., Inc., Altoona, Pennsylvania, and the record of the disbursements of these funds, showing name of recipient and amount received."

It also called for the production of:

"All books 'and/or' records showing the name of the recipient and amount received of funds disbursed by C. Galen Detwiler 'and/or' other officers which were charged to the petty cash fund of New Enterprise Stone and Lime Co., Inc., for business promotion, postage, bidding expense and other expenses."

And, finally, in the third paragraph it called for:

"All books 'and/or' records pertaining to the receipt of funds by New Enterprise Stone & Lime Co., Inc., 'and/or' the officers of the corporation from suppliers other than Independent Oil Company, Inc., and the disbursements (showing name of recipient and amount received) * * which receipts and disbursements are not reflected in the company's income tax returns."

The summons as issued was not honored by Mr. Detwiler or the corporation. On behalf of the plaintiff, the United States Attorney has filed a Petition for Judicial Enforcement, as provided in 26 U.S.C.A. § 7604. An answer to the petition was filed by respondent C. Galen Detwiler, as Secretary of New Enterprise Stone and Lime Co., Inc. Appearances have been entered by counsel, and pursuant to an order a hearing has been held and evidence taken and considered, as have the briefs filed by counsel.

In the first place we notice that the summons appears to be on its face one authorized by the statute. It was on Government Form 2039 of the Treasury Department, Internal Revenue Service, and it is styled:

"In the matter of the tax liability of New Enterprise Stone and Lime Co., Inc., New Enterprise, Pennsylvania."

The years mentioned are 1958 through 1962, that is, five years inclusive. It is addressed to Mr. C. Galen Detwiler, Secretary of the corporation. In the respondent's answer, it is suggested that the subpoena calling for the data mentioned is not vital to any lawful enforcement as averred in the petition. But more important, the respondent has raised, as a defense to his failure to honor the subpoena, two issues under new matter. The first is an allegation that this corporation was owned by the

four Detwiler Brothers in equal 25 percent proportions, and as stockholders they have agreed in writing on a restraint upon the alienation of their shares. Thus, because of the close relationship of the shareholders, and particularly Mr. C. Galen Detwiler with the corporation, it is asserted that to compel the production of documents called for in the subpoena is to violate Mr. Detwiler's rights under the Fifth Amendment which, of course, protects his right not to give evidence against himself. It is also asserted that the summons on its face calls for the production of documents owned and possessed in a purely personal capacity rather than corporate records. And finally, respondent asserts the enforcement of the duces tecum provision of the summons constitutes an unreasonable search and seizure in violation of the rights of all four stockholders, as well as the corporation itself under the Fourth Amendment to the Constitution because, and this seems clear, the purpose for which Special Agent John P. Wright wishes to inspect the data summoned is for the purpose of seeking evidence of criminal violations. of the income tax statutes. See Internal Revenue Service Regulations, Paragraph 1118.6.

At the hearing before the Court, Eugene J. Duncan, an agent for the Internal Revenue Service, testified that he was assigned to the investigation of New Enterprise; and an administrative summons was issued pursuant to the investigation. As to the first provision of the summons asking for the data pertaining to the Independent Oil Co., he stated his investigation disclosed certain rebate checks that had not been reported on the tax return. Thus, it does appear from the evidence presented at the hearing that a genuine tax liability investigation is underway by the duly authorized officers of the Secretary of the Treasury. It was established also at the hearing that the four Detwiler Brothers own the corporation as alleged in the answer, and that they have agreed upon certain restraints on the disposition of their respective shares. We thus have a closely

held family-owned corporation which has been summoned to produce records and which seeks to avail itself of the Fourth and Fifth Amendments of the provisions of the Constitution relating to unreasonable search and seizure and self-incrimination.

This court has reviewed the decisions cited by counsel for both sides. It seems too well established to depart from in this case that even a family-owned corporation can be compelled to produce its books and records in a tax investigation case under the statutes relating thereto. The Supreme Court and the Court of Appeals in this circuit and other circuits have rejected the arguments as advanced by counsel in this case. It may be that some of these decisions should no longer be followed in view of the present tendency to grant to individuals the widest protection under the two constitutional amendments. But it is believed that if it is done it should be done by an Appellate Court rather than by a District Judge who is bound by the precedents of the Court of Appeals of his circuit. The several cases cited by the respondent have been examined, notably: Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944), and Wild v. Brewer, 329 F.2d 924 (9th Cir. 1964). Also the Government points out that the Wild case was reversed with a strong dissent by Judge Madden, which raises all the contentions made by respondent's counsel in this case, but which has not as yet been accepted by the Court of Appeals in this circuit. The Government also cites: Grant v. United States, 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423 (1913), Wheeler v. United States, 226 U.S. 478, 33 S.Ct. 158, 57 L.Ed. 309 (1913), and Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906).

Turning now to the contention made by respondent that the subpoena is vague, indefinite, and in some respects calls for personal records and data of Mr. Detwiler rather than corporate rec-

ords, it is believed that there is some merit in at least part of respondent's contention in this respect. It is noticed that there are some five "and/or" phrases used. These phrases make for impreciseness and tend towards lack of clarity rather than particularity. However, the first typewritten paragraph seems clearly in compliance with Rule 45 of the Federal Rules of Civil Procedure. The books and records of New Enterprise Stone and Lime Co., Inc., showing receipt of funds of Independent Oil Co., Inc., of Altoona are called for, as well as the disbursement of these funds, showing the name of recipient and the amount received.

On the other hand, the second paragraph seems to lack clarity as to whether what is called for are the records of Mr. Detwiler individually or as an officer of his corporation. It requires a judgment by him as to what was charged to the petty cash fund of New Enterprise for business promotion, postage, bidding expense, etcetera. It seems to me that the language is not couched in clear and precise terms as to exactly what is to be produced.

And finally, the books and records mentioned in the third paragraph seem to the Court to require someone in the corporation to come to a conclusion as to which receipts and disbursements are not reflected in the company's income tax returns. For instance, this paragraph relates to the receipt of funds by New Enterprise from firms other than Independent Oil Company, Inc., as well as the disbursement of such funds, but is limited to suppliers, whomever they may be. The point is that it does not call for records showing all of the income of the corporation and the disbursement of that income during the five taxable years in question, but only from suppliers.

█ Based upon the evidence and upon due consideration of the decisions cited, as well as the statutes, this court is satisfied that paragraph 1 of the subpoena relates to corporate records only and should be honored by the secretary and the corporation. Objections to para-

graphs 2 and 3 of the summons are sustained. Counsel for the United States will submit an enforcement order in due course.

## ON MOTION FOR RECONSIDERATION

The United States Attorney on July 9, 1964, filed a Motion For Reconsideration of the Memorandum and Order entered on June 24, with regard to the enforcement of a certain Internal Revenue Service Summons. Counsel have been heard on the motion and the briefs considered. In the previous memorandum it was indicated that the first paragraph of the summons should be honored. A separate order will be entered today directing compliance. The Motion For Reconsideration is Denied. It seems to me that the Government now seeks an Order of the Court broadening and enlarging upon what was called for in the original duces tecum part of the summons.

I have examined the statute, 26 U.S. C.A. § 7604 with regard to the enforcement provisions as well as the cases cited, particularly Falsone v. United States, 5 Cir., 205 F.2d 734, and Brody v. United States, 1 Cir., 243 F.2d 378. It seems to me that the United States Attorney requests that the Court rewrite the subpoena.

█ In the summons as issued, disbursement for business promotion and certain other expenses are called for as well as receipt of funds from suppliers other than Independent Oil Co., Inc. The proposal of the Government now is that the Court direct that there be produced records of petty cash disbursement as well as records showing receipts of cash and checks by New Enterprise Stone and Lime Company, Inc., from any source whatsoever. The final paragraph requests that there be produced records of New Enterprise showing all disbursements by the corporation during the five years in question.

These two paragraphs which the Government presents as a modification of the original summons seem to this Court

to be an entirely new and different requirement for production when compared with the original.

And now, September 24, 1964, the Motion for Reconsideration is Denied.