Application of Marvin R. COLE, Gladys Cole, Arthur A. Fischer and Cole, Fischer, Rogow, Inc., for an order staying the Franklin National Bank from complying with a summons issued to it by the Internal Revenue Service and further staying the Internal Revenue Service from proceeding with an examination of the books and records requested under said summons.

In the Matter of UNITED STATES of America, Petitioner,

v.

FRANKLIN NATIONAL BANK, Respondent.

No. 333, Docket 29374.

United States Court of Appeals Second Circuit.

Argued Jan. 15, 1965,

Decided Feb. 26, 1965.

Laurence Vogel, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York and Eugene R. Anderson, Asst. U. S. Atty., on the brief), for petitioner-appellant.

Sheldon Oliensis, New York City, (Kaye, Scholer, Fierman, Hays & Handler, New York City, on the brief), for respondent, Franklin National Bank.

Seymour B. Goldfeld, New York City (Goldfeld, Charak & Goldman, New York City, on the brief), for appellees, Cole and others.

Before SMITH, KAUFMAN and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge.

On November 16, 1964 the Franklin National Bank was served with a summons issued, pursuant to § 7602 and § 7603 of the Internal Revenue Code,[1]

---

1. 26 U.S.C. § 7602 and § 7603 read in pertinent part as follows:

"§ 7602. Examination of books and witnesses. For the purpose of ascertain-

by a special agent in the office of the District Director of Internal Revenue at Los Angeles. This summons was issued by the special agent in the course of his examination into the tax liability of Marvin R. Cole and his wife, Gladys Cole. It directed the Bank to appear and testify to certain matters relating to transactions with the taxpayers for the years 1955–1963 and to bring with it, for examination, "All credit files, application for loans, financial statements, loan ledger sheet, loan repayment tickets and memoranda relating to secured or unsecured commercial or personals granted to Marvin and Gladys Cole, Arthur A. Fischer and the firm of Cole, Fischer, Rogow, Inc. during the above period, including any such records relating to the M. C. Co.—a partnership."

The records and documents thus sought were the Bank's own files and papers concerning these transactions. They did not concern or include any records or papers belonging to either or both of the taxpayers and neither a copy of the summons nor any other formal notice of its issuance was served upon or given to the taxpayers.

The Bank waived the ten day waiting period and the examination of the records actually commenced on the morning of November 17, 1964. Later in the day it became known to the taxpayers and their attorney that the examination was in progress. Thereupon the taxpayers' attorney in the mid-afternoon caused to be delivered to the Bank a letter ordering the Bank to refuse further to comply with the summons "until such time as an order of the court has been issued permitting the same." The Bank complied and the examination was discontinued.

On November 18, 1964 the district court issued an *ex parte* order enjoining the Bank and the Internal Revenue Service from continuing with the examination. On November 19th the Government obtained an order to show cause why enforcement of the summons of November 16th should not be granted,[2] and the taxpayers moved for suppression of any evidence already obtained in the interrupted examination of November 17th. Both of these matters came on for hearing before Judge Croake. He temporarily enjoined the use of evidence already disclosed by the examination until final adjudication of the question relating to the objection to the summons, and he denied enforcement of the summons itself, without prejudice to its renewal after issuance of a new summons

ing the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

   *    *    *    *    *

"(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

"(3) To take such testimony of the person concerned under oath as may be relevant or material to such inquiry."

"§ 7603. Service of summons. A summons issued under section 7602 shall be served by the Secretary or his delegate, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty."

2. Statutory provisions concerning the enforcement of a summons are 26 U.S.C. § 7604(a) and § 7604(b).

to the Bank with reasonable notice to the taxpayers to give them the opportunity to challenge the summons before the special agent as hearing officer. This decision of the court below, concerning the necessity for service of notice of the summons to the taxpayers and for an opportunity for a hearing thereon before the hearing officer, was based upon the court's interpretation of the Supreme Court's decision in Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964).

The sole question presented on this appeal, therefore is whether or not the Internal Revenue Service, when it issues a summons to a third person to examine him relative to a taxpayer's liability, is required, under § 7602, to give notice to the taxpayer of its intention to examine the third party. We conclude that the Internal Revenue Service is not required to give such notice at least in the factual situation presented by this case. The Reisman case, on which the court below relied, concerned a petition by a partnership firm of attorneys for declaratory and injunctive relief against the Commissioner of Internal Revenue and a firm of accountants which the attorneys had retained to work on the financial records of their clients, Martin J. and Allyn Bromley, whose tax matters were under investigation by the Commissioner. The accountants, under the supervision of the attorneys, analyzed various original records of the taxpayers and reported on them. These reports and the original records and papers of the taxpayers were kept in a separate file by the accountants and labeled as property of the petitioners. Summonses were issued by the Commissioner under § 7602 to the accountants directing the production by them of "all audit reports, work papers and correspondence" pertaining to Mr. Bromley and his business interests.

The petitioners, as Bromley's attorneys, claimed that this required an un-

lawful appropriation of their work product and trial preparation and would constitute an unreasonable seizure requiring the taxpayers to incriminate themselves and would deprive them of the effective assistance of counsel. The Supreme Court held that, under the procedures set out in the Internal Revenue Code, before any sanctions could be imposed upon anyone for refusal to comply with the summons, he would have an opportunity to have his objections heard by the hearing officer and thereafter by the United States District Court and that the same opportunities were available to the taxpayer, in the event that he was not a party to the summons, and also to an interested third party. It therefore dismissed the attorneys' petition because the procedures already provided gave them an adequate remedy at law.

In the present case Judge Croake decided that the inference to be drawn from the Supreme Court's enunciation of the right of Bromley's attorneys to be heard is that they had the right to an advance notice of the issuance of the summons to which they were not parties. He therefore conditioned the validity of a second summons to the Bank on the giving of such notice to the taxpayers. Whether or not such an inference should be drawn [3] we do not need to discuss because the present case is so clearly distinguishable on its facts from Reisman that it stands outside of the reach of the holding in that case.

The distinguishing feature of the present case is that all of the records, documents and papers which were the subject matter of the summons were the property of the Bank on whom the summons was served. None of the material sought belonged to the taxpayers or involved the work product of their attorneys. They had no interest in any of them in the sense that they had a right to any of them. Under these circumstances the Commissioner had no duty to give ad-

---

3. The Reisman opinion did not say that the Internal Revenue Service was required to notify the taxpayer, even though the taxpayers there learned of the examination from a source other than the Service.

**8**

vance notice to the taxpayers or their counsel of his intention to examine a third party and the third party's own records and papers. Reisman laid down no sweeping requirement that thenceforth all examinations of third parties must, to be valid, be preceded by notice to the taxpayer whose tax liability was being investigated.

The taxpayer, under circumstances where only books, records and other papers belonging to the third party are the subject of the summons, has no standing to object to the summons. Foster v. United States, 265 F.2d 183 (2d Cir.), cert. denied 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261 (1959). If the taxpayer in this situation lacks standing at the enforcement stage, it would seem, *a fortiori*, that there is no need to give him notice at the much earlier stage of a proposed examination before the hearing officer.

The order of the district court is reversed with a direction that enforcement of the summons be granted.