Taylor JUSTICE and Stella Justice, Intervening Petitioners-Appellants,

v.

UNITED STATES of America and Glen B. Johnson, Special Agent, Internal Revenue Service, Petitioners-Appellees,

v.

FIRST NATIONAL BANK OF PIKEVILLE, Citizens Bank of Pikeville and Pikeville National Bank & Trust Company, Respondents.

No. 17097.

United States Court of Appeals Sixth Circuit.

Aug. 18, 1966.

Francis D. Burke, Pikeville, Ky. (Ronald W. May, Pikeville, Ky., on the brief), for intervening plaintiffs-appellants.

Burton Berkley, Atty., Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., on the brief); George I. Cline, U. S. Atty., Lexington, Ky., (of counsel), for petitioners-appellees.

Donald Combs, Francis M. Burke, Baird & Hays, Pikeville, Ky., for respondents.

Before WEICK, Chief Judge, and PHILLIPS and CELEBREZZE, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from proceedings in the District Court for the Eastern District of Kentucky denying the motion of Appellants to intervene.

The action in the District Court sought enforcement of an administrative summons issued by Appellee Glen B. Johnson, a Special Agent of the Internal Revenue Service. His authority to issue the administrative summons is conferred by the provisions of 26 U.S.C. § 7602. Judicial enforcement of such summons is conferred by 26 U.S.C. § 7604(a).

Summons was issued on the First National Bank of Pikeville, the Citizens Bank of Pikeville, and the Pikeville National Bank & Trust Company, hereinafter referred to as the Banks. The summonses called for the production of certain bank records relating to transactions between the Banks and Appellants, hereinafter referred to as Taxpayers. The Banks refused to comply. The Appellees filed a petition in the District Court praying for an order directing compliance. The District Court entered an order to show cause on the Banks. The Banks filed answers either admitting or alleging insufficient knowledge to form a belief as to all of the allegations of the petition, and further stated they were uncertain as how to resolve the conflict between the rights which had been asserted by the Taxpayers and those asserted by Appellees, and sought guidance from the Court so as to protect the rights of the parties.

The Taxpayers moved to intervene pursuant to Rule 24(a), Federal Rules of Civil Procedure. Taxpayers' complaint alleged violations of the Fourth and Fifth Amendments of the United States Constitution. The District Court overruled the Taxpayers' motion to intervene on the basis of Peoples Deposit Bank & Trust Company v. United States, 112 F.Supp. 720, affirmed 212 F.2d 86 (C.A. 6, 1954). We distinguish on the ground that no issue of intervention by the taxpayer was involved, nor were constitutional questions raised in Peoples Bank & Trust Company v. United States, supra.

The District Court, upon overruling the motion to intervene, heard evidence presented by Appellees, and issued an order directing the Banks to obey the summonses.[1] The Banks are not parties to this appeal.

It has been consistently held that where the objective of an investigation is to obtain information which may be used in determining whether there is civil liability for a tax, the summons directed to a bank may be enforced even though the information may also be used in a criminal prosecution. Wild v. United States, 362 F.2d 206 (C.A. 9, June 2, 1966).

However, this issue is not before this Court. The sole question before us on appeal is whether the Court erred in denying the Taxpayers' motion to intervene.

---

1. Appellants' motion filed with this Court to stay the effective date of the order was granted.

**314**

On the right of a taxpayer to intervene in this type of proceeding, the Supreme Court said in Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964);

"Furthermore, we hold that in any of these procedures before either the district judge or United States Commissioner, the witness may challenge the summons on any appropriate ground. This would include, as the circuits have held, the defenses that the material is sought for the improper purpose of obtaining evidence for use in a criminal prosecution, Boren v. Tucker, 239 F.2d 767, 772–773 (C.A.9, 1956), as well as that it is protected by the attorney-client privilege, Sale v. United States, 228 F.2d 682 (C.A.8, 1956). *In addition, third parties might intervene to protect their interests, or in the event the taxpayer is not a party to the summons before the hearing officer, he, too, may intervene.* See In Re Albert Lindley Lee Memorial Hospital, 2 Cir., 209 F.2d 122 (C.A.2, 1953), and Corbin Deposit Bank of Corbin, Ky. v. United States, 6 Cir., 244 F.2d 177 (C.A.6, 1957). And this would be true whether the contempt be of a civil or criminal nature. Cf. Mc-Crone v. United States, 307 U.S. 61, 59 S.Ct. 685, 83 L.Ed. 1108 (1939); Brody v. United States, 243 F.2d 378 (C.A.1, 1957). Finally, we hold that such orders are appealable." (Emphasis added.)

Upon consideration of the motion of the Taxpayers to intervene, the Court finds that these proceedings under Section 7604(b) are properly before the Court. The questions raised as to the Taxpayers' constitutional rights and their rights and privileges under the various revenue statutes must be heard and determined by the District Court under the Federal Rules of Civil Procedure. See Rules 24 and 81(a) (3).

The Court finds it is probable that the representation of the Taxpayers' interest by existing parties may be inadequate, and that the Taxpayers may be bound by a judgment in the action. This Court is of the opinion that unless the Tax-

payers are permitted to intervene, they would not be aggrieved parties, entitling them to an appeal.

The order of the District Court is reversed and this matter is remanded to the District Court with direction that the Taxpayers' motion to intervene be granted.