**UNITED STATES of America**

**v.**

**Fannye Jenkins BENFORD.**

**Civ. No. 4807.**

United States District Court
N. D. Indiana,
Hammond Division.

Feb. 20, 1968.

Supplemental Memorandum
March 8, 1968.

Alfred R. Uzis, Dept. of Justice, Hammond, Ind., for plaintiff.

F. Laurence Anderson, Jr., Gary, Ind., for defendant.

Robert Downing, Chicago, Ill., for intervening petitioner.

BEAMER, District Judge.

This is a proceeding under Title 26 U.S.C. Section 7402 and 7604 to enforce summonses issued by an agent of the Internal Revenue Service. Mr. Fred T. Mackey, through his attorney, has filed a petition to intervene under Federal Rule of Civil Procedure 24(a) which provides in part:

> INTERVENTION OF RIGHT. Upon timely application anyone shall be permitted to intervene in an action * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The petition alleges that the affidavits and petition of the government on file clearly establish that the records and testimony sought concern the tax liability of Fred and Ella Mackey. It further alleges that Mr. Fred Mackey is in the custody of the Attorney General of the United States as the result of a judgment and commitment issued by this court in a previous criminal proceeding, and that as a result of this custody Mr. Mackey has been unable to confer completely with his counsel. Finally, it states that the affidavit in support of the government petition refers to "fraudulent schemes perpetrated against the government by Fred and Ella Mackey." It states that the constitutional rights of petitioner Mackey can not be adequately protected unless the petition to intervene is granted. It asks that the petition to intervene be granted and petitioner be allowed to file his first pleading after the completion of discovery processes.

The petition to intervene must be denied on two grounds. First, petitioner has failed to comply with Rule 24(c) of the Federal Rules of Civil Procedure which establishes the procedure for intervention. Second, the petitioner has failed to establish adequate grounds for intervention.

Rule 24(c) of the Federal Rules of Civil Procedure provides in part:

> A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and *shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.* (emphasis added.)

The petitioner in this case filed no pleading setting forth his "claim or defense". The only statement which even approaches this requirement is "The constitutional rights of Fred Mackey will not be protected unless he is granted the right to intervene in these proceedings." This neither was set out in a separate pleading as required by the rule nor does

it constitute a statement of any claim or defense. The petitioner nowhere sets out what constitutional rights might be violated in this instance where petitioner claims no interest in the papers involved or defect in the proceedings. On this ground alone, the petition to intervene must be denied.

The petitioner has also failed to establish adequate grounds for intervention. He relies primarily on the case of Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964) which held that an action for injunctive and declaratory relief was improperly brought to prevent a firm of accountants from surrendering records and work papers prepared for taxpayers' attorneys. The Court held that the taxpayers or their attorneys could properly intervene in proceedings to enforce the Internal Revenue Summons and that this was the proper method of contesting the validity of the investigation. The Court said, at 84 S.Ct. 508, 513, 11 L.Ed.2d 459, 465–466:

> Furthermore, we hold that in any of these procedures before either the district judge or United States Commissioner, the witness may challenge the summons on any appropriate ground. This would include, as the circuits have held, the defenses that the material is sought for the improper purpose of obtaining evidence for use in a criminal prosecution, Boren v. Tucker, 9 Cir., 239 F.2d 767, 772–773, as well as that it is protected by the attorney-client privilege, Sale v. United States, 8 Cir., 228 F.2d 682. In addition, third parties might intervene to protect their interests, or in the event the taxpayer is not a party to the summons before the hearing officer, he, too, may intervene.

The taxpayer also relies on Justice v. United States, 365 F.2d 312 (6th Cir. 1966), an action by the government to enforce a summons against a bank holding records of the taxpayer's dealings with the bank. The Court, relying on *Reisman,* held that the taxpayer had a right to intervene and said, at 365 F.2d 314:

> Upon consideration of the motion of the Taxpayers to intervene, the Court finds that these proceedings under Section 7604(b) are properly before the Court. The questions raised as to the Taxpayer's constitutional rights and their rights and privileges under the various revenue statutes must be heard and determined by the District Court under the Federal Rules of Civil Procedure. See Rules 24 and 81(a) (3).

The government in turn relies upon the case of Application of Cole, 342 F.2d 5 (2nd Cir. 1965) which held that a taxpayer did not have a right to notice of an I.R.S. summons directed at a bank in a proceeding to determine the taxpayer's liability. Discussing the applicability of *Reisman* the Court said at 342 F. 2d 7–8:

> The distinguishing feature of the present case is that all of the records, documents and papers which were the subject of the summons were the property of the Bank on whom the summons was served. None of the material sought belonged to the taxpayers or involved the work product of their attorneys. They had no interest in any of them in the sense that they had a right to any of them. Under these circumstances the Commissioner had no duty to give advance notice to the taxpayers or their counsel of his intention to examine a third party and the third parties' own records and papers. *Reisman* laid down no sweeping requirement that thenceforth all examinations of third parties must, to be valid, be preceded by notice to the taxpayer whose tax liability was being investigated.

> The taxpayer, under circumstances where only books, records and other papers belonging to the third party are the subject of the summons, has no standing [to sue] * * *. If the taxpayer in this situation lacks standing at the enforcement stage, it

would seem, *a fortiori*, that there is no need to give him notice at the much earlier stage of a proposed examination before the hearing officer.

■ Mr. Mackey's contention here is simple. He would have the Court hold that whenever there is an investigation of the taxpayers, and the process of the courts is invoked to enforce an Internal Revenue Service summons against a third party, the taxpayer has a right to intervene without making any showing that his rights may be violated or that he has an interest in the papers sought. The Court does not accept this contention and does not believe that it is supported by the cases cited. Because of the nature of these investigations, time is quite important. If the taxpayer is allowed to intervene without any special showing, he is placed in a position to delay the proceedings for months or even years. This certainly is not enough to deny him the right to intervene in any case where he shows that his rights might be adversely affected. But it is sufficient to deny him that privilege on a bare request. In *Reisman* the taxpayer's attorneys claimed a special interest in the papers sought. They claimed that they were both attorney's work product and confidential communications. In Justice v. United States, supra, the taxpayer apparently asserted specific violations of his constitutional and statutory rights. Neither of these elements are present here. Only two possible allegations are presented. There is a broad claim that the taxpayer's constitutional rights may be violated but no allegation of what rights are involved. There is also an allegation that possible criminal penalties are involved based on the possible fraud alleged in the petitioning agent's affidavit.

■ In his briefs, counsel for the taxpayer relies primarily on this latter possibility. He claims that discovery procedures will show that the government is searching for evidence to be used in a criminal prosecution. He relies on the decision in *Reisman,* which said, at 84 S.Ct. 513, 11 L.Ed.2d 466:

(W)e hold that in any of these procedures before either the district judge or United States Commissioner, the witness may challenge the summons on any appropriate ground. This would include, as the circuits have held, the defenses that the material is sought for the improper purpose of obtaining evidence for use in a criminal prosecution.

This comment is based on the decision of Boren v. Tucker, 239 F.2d 767 (9th Cir. 1956) which rejected a taxpayer's claim that a summons should not be issued if the material might be used in a criminal investigation. The Court agreed with a previous lower court decision that a summons should not be enforced if the *only* purpose was to obtain information in an already pending criminal procedure. It held, however, that if the purpose of the examination was to determine the taxpayer's liability for any internal revenue tax, including penalties for fraud, the summons should be enforced. The court said that the Secretary or his delegate would be derelict in his duty if, once a false or incorrect return was found, he did not determine the possibility of criminal liability. Likewise in Wild v. United States, 362 F.2d 206 (9th Cir. 1966) the court held that the summons would be improper if it sought information for use in a criminal prosecution alone, but not if the information was sought to determine civil liability and only incidentally might be used in a criminal prosecution.

Here, the affidavit in support of the Government's petition states that the information is necessary to determine the possibility of a fraudulent scheme and to determine the correct income tax liability of the Mackeys. Under such circumstances, the court must find that Mr. Mackey has not shown good cause for intervention.

The Court denies the petition of Fred Mackey for failure to comply with the

Federal Rules of Civil Procedure, and for failure to show such an interest in the "property or transaction" that failure to grant his petition would "impair or impede his ability to protect that interest."

## SUPPLEMENTAL MEMORANDUM

The petitioner originally filed a petition to intervene which was not accompanied by the required responsive pleading. (See Rule 24(a) of the Federal Rules of Civil Procedure.) That petition was denied on the above grounds and on the merits.

The petitioner has filed an amended petition which the Court now denies. The Court has examined the authorities relied upon by the petitioner and finds that they are not in point. All of the cases relied upon by the plaintiff for the right to intervene involved subpoenaes for records in which the petitioner had some special interest. The petitioner has pointed to no case in which intervention has been allowed solely because it was his tax liability under investigation. In Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), the principal case relied upon by petitioner, the Court said that the taxpayer would have the right to intervene if he were not a party to the action for production of papers. However, the records involved in *Reisman* were records of the taxpayer's income prepared by a firm of accountants at the request of taxpayer's attorneys. The Court held that an action for declaratory and injunctive relief was not appropriate because the attorneys who brought the action could have intervened in the proceedings to produce the papers. They could have intervened because they claimed an interest in the papers themselves.

In Justice v. United States, 365 F.2d 312 (6th Cir. 1966) the Court held that a taxpayer had a right to intervene in an action against a bank to produce records of the taxpayer's dealings with the bank. Here, although the taxpayer had no proprietary interest in the papers, he could claim that they contained records of his transactions which would normally be confidential.

██ This Court is inclined to agree with the reasoning in Application of Cole, 342 F.2d 5 (2nd Cir. 1965) which held that a taxpayer was not entitled to notice every time records bearing on his tax liability were subpoenaed. It is the opinion of this Court, that unless the taxpayer claims an interest in the records under subpoena, either proprietary or otherwise, he has no right to intervene in a proceeding by the government to obtain them in accordance with law.

The only grounds petitioner asserts for intervention are: (1) that the records are sought solely for determining the petitioner's criminal liability, or (2) that they are sought for the purpose of harassment. As to the first ground, the Court held in its original memorandum and holds here, that records may be obtained in proceedings such as this even though they may bear on the petitioner's criminal liability, if they also bear on his civil liability under investigation. The Internal Revenue agent has sworn that these records are needed to determine the petitioner's civil liability. The Court accepts such a sworn statement and finds that the mere fact that the records may also bear on petitioner's criminal liability under investigation, is not ground for refusing their production. Wild v. United States, 362 F.2d 206 (9th Cir. 1966); Boren v. Tucker, 239 F.2d 767 (9th Cir. 1956).

The petitioner has not asserted adequate grounds for intervention. The Court finds that the petitioner has not "claim[ed] an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impede his ability to protect that interest." Rule 24(a) Federal Rules of Civil Procedure. The petition to intervene is denied.