**UNITED STATES of America et al.,**
**Petitioners,**

v.

**B. E. LLOYD et al., Respondents.**

**UNITED STATES of America et al.,**
**Petitioners,**

v.

**H. D. KING et al., Respondents.**

**UNITED STATES of America et al.,**
**Petitioners,**

v.

**M. D. GUNSTREAM et al., Respondents.**

**UNITED STATES of America et al.,**
**Petitioners,**

v.

**W. B. KITTRELL et al., Respondents.**

**UNITED STATES of America et al.,**
**Petitioners,**

v.

**C. A. LARIMORE et al., Respondents.**
**Civ. A. Nos. 5–712 to 5–714, 5–722, 5–734.**

United States District Court,
N. D. Texas,
Lubbock Division.
Feb. 11, 1970.

Stephen G. Fuerth, Tax Division, Washington, D.C., Elden B. Mahon, U. S. Atty., Kenneh J. Mighell, Asst. U. S. Atty., Northern District of Texas, for petitioners.

Edward R. Smith, Smith & Baker, Lubbock, Tex., for respondents.

## MEMORANDUM OPINION AND ORDER

WOODWARD, District Judge.

■ The Court, after examining the pleadings in each of the above styled and numbered cases, is of the opinion that all of said cases should be consolidated under Rule 42 of the Federal Rules of Civil Procedure because it appears that said cases involve a common question of law, that the United States of America and Jim E. Davidson are Petitioners in each of said cases, and that consolidation would be in the interest of justice.

■ On the 9th day of February, 1970, there appeared in open Court the attorneys for the Petitioners and the attorney for the Intervenor, Boyd Magby. The Court, having been informed that the Respondents in each of said cases would not appear, although answers had been filed by said Respondents, and having heard the argument of counsel on the motions to intervene filed by the said Boyd Magby, is of the opinion that such motions to intervene should be denied. In each of the cases, the United States is attempting to enforce summonses, issued under the authority of 26 United States Code §§ 7602 and 7604, against Respondents who have records and other information relating to Magby, who is a taxpayer under investigation. Magby has challenged the summonses because, he alleges, they were issued for the sole purpose of securing evidence for a criminal prosecution against him. However, the Intervenor does not allege in his applications to intervene that the papers and records sought to be obtained from the Respondents are papers or records belonging to the Intervenor nor does he allege that any confidential relationship exists which under the rules of privilege

would entitle him to prevent a disclosure by the Respondents.

Without such allegations, there can be no intervention in these cases because there is no showing or an allegation of an interest under Rule 24(a) (2) of the Federal Rules of Civil Procedure relating to the property or transaction which is the subject of these cases. See United States v. Mercurio, 418 F.2d 1213 (5th Cir.1969). It is acknowledged that the Intervenor has an interest in the outcome of these investigations, i. e., whether there has been a deficiency in his tax return or whether any possible deficiency is of such a nature as to warrant recommendation of prosecution against him for a crime under the Internal Revenue Code. However, this type of interest will not furnish a basis for intervention in these kinds of cases.

The Court recognizes that other Circuits have allowed intervention in similar cases. See, e. g., Justice v. United States v. First National Bank of Pikeville, 365 F.2d 312 (6th Cir. 1966) and United States v. Benford v. Mackey, 406 F.2d 1192 (7th Cir. 1969). However, the Fifth Circuit has not. See United States v. Mercurio, supra. In view of the *Mercurio* decision and the facts alleged by the Intervenor appearing in the record in this case, the Court is of the opinion that the intervention as a matter of right under Rule 24(a) (2) of the Federal Rules of Civil Procedure by the said Boyd Magby in said cases should be denied.

Accordingly it is ordered that:

1. Each of the five causes of action designated above are consolidated into one case for all purposes.

2. The petitions for intervention by Boyd Magby in each of said cases are hereby denied.

3. The Respondents in each of the above entitled and numbered cases shall obey the summonses heretofore served on said Respondents by the Petitioners and said summonses shall be obeyed in each and every requirement thereof. Further, the Respondents shall produce the records as required and called for by the terms of each of the summonses at such time and place as hereinafter may be fixed by the Petitioner, Jim E. Davidson, or any other proper officer of the Internal Revenue Service and the Respondents shall appear for the purpose of giving testimony concerning the tax liability of Boyd and Wilma Magby for the years 1964 through 1967 in accordance with each of said summonses.

The Respondents shall not be required to comply with this order until March 16, 1970.

The date this order is entered shall be the date for the commencement of the period within which notice of appeals may be given.