103 F.3d 131
 78 A.F.T.R.2d 96-7613
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Petitioner/Appellee,
v.
ERIE INDUSTRIES, INC., Defendant/Appellee.
 No. 95-2075.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1996.
 
 Before: SUHRHEINRICH, DAUGHTREY, and GIBSON*, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from the district court's grant of the Government's petition for enforcement of an Internal Revenue Service ("IRS") summons of Respondent-Appellant Erie Industries ("Erie"). We AFFIRM.
 
 
 2
 The IRS investigated Erie's tax liabilities and alleged that the company had not filed federal income tax returns for the taxable years 1993 and 1994. On April 10, 1995, IRS Revenue Officer John Owen summoned Erie through its officer and shareholder Brian Patrick to testify and produce records concerning Erie's income for the years 1992, 1993, and 1994 to determine Erie's proper tax owed.
 
 
 3
 Erie refused to comply with the summons, and instead filed suit on May 9 against Owen and his Group Manager Paul Brusseau alleging that they illegally issued and served the summons upon Brian Patrick in violation of their constitutional rights. (Case No. 95-cv-71903). The Government moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. On September 28 United States District Court Judge Anna Diggs Taylor granted the Government's motion and dismissed the case.
 
 
 4
 Meanwhile, on August 3 the Government filed a petition to enforce its summons in the United States District Court for the Eastern District of Michigan, pursuant to Section 7602 of the Internal Revenue Code ("I.R.C."). Judge Avern Cohn issued an order demanding that Erie show cause why it should not be compelled to comply with the IRS summons. On August 24 Brian Patrick filed a response to this order and a motion to quash the summons on behalf of the corporation.
 
 
 5
 On September 1 the Government, in its action before Judge Cohn, filed a motion for entry of judgment to enforce the IRS summons and to strike defective pleadings.[1] Judge Cohn held a hearing on the show cause order on September 7 and refused to consider the submissions of Erie's counsel because they were filed after the August 28 deadline that Judge Cohn had set for responses to the Government's petition to enforce the summons. On September 14 the district court entered its order and judgment granting the Government's motions to strike and to enforce the IRS summons. Erie filed a timely notice of appeal.
 
 II.
 
 6
 Erie raises three claims on appeal. First, Erie maintains that the summons should have been denied enforcement because at the time of the September 7 hearing another action (Case No. 95-cv-71903) regarding the same transaction or occurrence was pending in the same district. Erie maintains that under Fed.R.Civ.P. 13(a) the Government's petition for judicial enforcement of the summons should have been barred because the Government failed to raise that issue as a counterclaim to Erie's May 9 constitutional challenge to the summons.
 
 
 7
 Erie's claim must fail because Fed.R.Civ.P. 13(a) applies only to pleadings and not to motions to dismiss. Motions to dismiss are not pleadings. Fed.R.Civ.P. 7(a). As a result, the Government did not have to include its counterclaim against Erie in its response to Erie's constitutional challenge to the summons. A party that files a motion to dismiss before an answer is not required to assert its counterclaims in the motion and does not waive any claims it has against the opposing party. United States v. Snider, 779 F.2d 1151, 1157 (6th Cir.1985).
 
 
 8
 Second, Erie alleges that the Government failed to present competent evidence in support of its prima facie case for enforcement, thereby never shifting the burden of proof to Erie. Erie maintains that the Government did not establish a prima facie case for enforcing the summons because 1) the Government failed to establish sufficiently that Owen was authorized to issue the summons, and 2) the IRC and its regulations do not establish a direct delegation of authority to Owen from the Secretary of the Treasury or someone duly authorized to redelegate that authority.
 
 
 9
 In order to establish a prima facie case for enforcement, the Government must demonstrate that: 1) the investigation has a legitimate purpose; 2) the summoned materials are relevant to that investigation; 3) the information sought is not already within the IRS's possession; and 4) the IRS has followed the procedural steps for the issuance of a summons outlined in 26 U.S.C. § 7603. United States v. Will, 671 F.2d 963, 966 (6th Cir.1982) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)) (the "Powell test").
 
 
 10
 In the instant case the Government satisfied the requirements of the Powell test. Owen attached to the Government's petition a sworn declaration stating that 1) the summons was issued in connection with an IRS investigation of Erie concerning its tax payments for the years 1992 through 1994, 2) the material requested would shed light on Erie's financial activity during this period, 3) the information sought was not already in the IRS's possession, and 4) Owen followed the procedures for the issuance of summonses as required by the IRC.
 
 
 11
 Brian Patrick's answer to the Government's petition to enforce the summons did not allege that the Government failed to meet the Powell test. Nor did the pleading entered by Erie's counsel challenge the Government's compliance with the Powell test. Lacking any contrary evidence, the court correctly granted the Government's petition to enforce the summons.
 
 
 12
 Erie's contention that the Government failed to provide sufficient proof that Owen was authorized to issue summonses is insupportable. Section 7602(a)(2) of the IRC grants the Secretary of the Treasury broad power to issue administrative summonses in order to facilitate tax collection, which the Supreme Court has interpreted accordingly. "[I]f the summons authority claimed is necessary for the effective performance of congressionally imposed responsibilities to enforce the tax Code, that authority should be upheld absent express statutory prohibition or substantial countervailing policies." United States v. Euge, 444 U.S. 707, 711 (1980).
 
 
 13
 Erie's claim that there is no unbroken chain of authority from the Secretary of the Treasury to the issuing agent has already been clearly rejected by the courts. Justice v. United States, 365 F.2d 312, 313 (6th Cir.1966) ("[A Special Agent's] authority to issue the administrative summons is conferred by the provisions of 26 U.S.C. § 7602); Sanford v. United States, 358 F.2d 685, 686 (5th Cir.1966) (same); United States v. K.T. Derr, 968 F.2d 943, 947 (9th Cir.1992) ("District Examination Revenue Agents may not issue a John Doe summons, but they may issue all others, including those issued pursuant to § 7602(a)").
 
 
 14
 Third, Erie charges that under 26 U.S.C. § 7609(b), Brian Patrick had the right to intervene pro se in response to the Government's petition to enforce the summons. Section 7609(b) states that "any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to enforcement of such summons under section 7604." Quite simply, § 7609 does not apply at all to this case, as Owen did not issue a third-party recordkeeper summons, much less to Brian Patrick. Furthermore, § 7609(a)(4)(A) specifically excludes the application of this section to Brian Patrick because he is an officer of Erie, the company on which the summons was served.[2]
 
 
 15
 For all the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable John R. Gibson, United States Court of Appeals Judge for the Eight Circuit, sitting by designation
 
 
 [1]
 At the same time, the Government also filed a motion to strike Brian Patrick's unsigned pleadings, claiming that an officer of the corporation could not appear on behalf of Erie because corporations must be represented by counsel in such matters. The Government's counsel phoned Erie's counsel on August 29 and pointed out its error in filing unsigned pleadings. Counsel for the Government offered Erie's counsel two options--either voluntarily withdraw the unsigned pleadings, or, by August 30 identify those arguments to which he would be willing to sign his name. Erie's counsel did neither and on September 6, 1995, filed a separate response to the Government's petition to enforce the summons
 
 
 [2]
 Section 7609(a)(4) states that "[p]aragraph (1) shall not apply to any summons--(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person...."