**Joseph J. SANFORD, as President of J. J. Sanford, Inc., Appellant,**

v.

**UNITED STATES of America and John T. Harrison, Special Agent, Internal Revenue Service, Appellees.**

No. 22419.

United States Court of Appeals Fifth Circuit.

March 28, 1966.

Philip T. Weinstein and Cunningham & Weinstein, Miami, Fla., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., William A. Meadows, Jr., U. S. Atty., Miami, Fla., Richard M. Roberts, Act. Asst. Atty. Gen., Joseph M. Howard, Burton Berkley, Attys., Dept. of Justice, Washington, D. C., Edward A. Kaufman, Asst. U. S. Atty., of counsel, for appellees.

Before PHILLIPS,* RIVES, and COLEMAN, Circuit Judges.

PER CURIAM:

Under the authority of Section 7602 of the Internal Revenue Code of 1954 a Special Agent of the Internal Revenue Service issued a summons directing Joseph J. Sanford, President of J. J. Sanford, Inc., to produce for examination certain books, records, and papers of that Corporation. The corporate official refused to comply. The District Court ordered compliance pursuant to Section 7604(a) of the Code. No Fifth Amendment rights are involved. We affirm.

* Of the Tenth Circuit, sitting by designation.

Upon service of summons, Appellant appeared, bringing the records with him, and offered to make them available to the Special Agent "if you will give us your assurance that they are to be used for the purposes indicated on the reverse side of the summons (Section 7602)". The Special Agent declined to give any such assurance. Appellant then refused to produce the records. In response to the petition for enforcement, Appellant filed a formal answer in which he alleged that the Special Agent was "attempting to obtain evidence for use in criminal proceedings against the Respondent", and that Section 7602 does not authorize the issuance of an Internal Revenue summons for that purpose, citing certain language appearing in the opinion of the Supreme Court in Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459.

Upon consideration of the petitions and affidavits, as well as the answer and memorandum of law of the defendant, the District Court granted enforcement. The order recited that "the matters and things obtained by means of said summons shall be used by the plaintiff only for those purposes specified in Section 7602 of the Internal Revenue Code of 1954". Of course, that is all the summons called for.

It was stated at the Bar of this Court that Appellant has since been formally notified in writing of a recommendation to the Regional Counsel of the Internal Revenue Service that he be prosecuted for wilful failure to file income tax returns for the years 1960 to 1962, inclusive. This statement is not challenged by counsel for the Appellee.

The thrust of the argument for Appellant is that the order granting enforcement should be reversed because, as he contends, information obtained pursuant to enforcement will be used in a criminal prosecution, although none is yet actually begun.

■ It is our view that the Special Agent had the authority to issue *vel non* the summons and the District Court had like authority to order its enforcement. Siegel v. Tyson, 5 Cir., 1964, 331 F.2d 604; Boren v. Tucker, 9 Cir., 1956, 239 F.2d 767; In re Magnus, Mabee Reynard, Inc., 2 Cir., 1962, 311 F.2d 12, cert. den. 373 U.S. 902, 83 S.Ct. 1289, 10 L. Ed.2d 198; Tillotson v. Boughner, 7 Cir., 1964, 333 F.2d 515, cert. den. 379 U.S. 913, 85 S.Ct. 260, 13 L.Ed.2d 184; Wright v. Detwiler, 3 Cir., 1965, 345 F. 2d 1012.

■ We intimate no opinion as to the use of the information here obtained in some possible future criminal prosecution. A consideration of that question, if there be room for such, would presently be premature. The Appellant has preserved his objections and the proper time to litigate the point will arrive if and when the anticipated contingency becomes reality.

Affirmed.