Albert J. WILD and Air Conditioning Supply Co., Inc., Appellants,

v.

UNITED STATES of America, Bennett Y. Brewer, and Valley National Bank, Appellees.

No. 20537.

United States Court of Appeals Ninth Circuit.

June 2, 1966.

---

W. Lee McLane, Jack E. Brown, Arthur P. Allsworth, Brown, Vlassis & Bain, Phoenix, Ariz., for appellants.

Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Burton Berkley, Attys., Dept. of Justice, Washington, D. C., Wm. P. Copple, U. S. Atty., Richard C. Gormley, Asst. U. S. Atty., Phoenix, Ariz., for appellees United States and Brewer.

Before MADDEN, Judge of the Court of Claims, and HAMLEY and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge.

In 1965, Bennett Y. Brewer, a special agent of the Internal Revenue Service, was conducting an investigation of the tax affairs of Albert J. Wild and Air Conditioning Supply Company for the years 1960 to 1962.[1] Pursuant to this investigation, and purporting to act on the authority of section 7602 of the Internal Revenue Code of 1954 (Code), 26

1. Wild is the sole stockholder of Air Conditioning Supply Company and references hereinafter to Wild are intended to include the company.

U.S.C. § 7602 (1964), Brewer issued a summons to Valley National Bank of Phoenix, Arizona. The summons directed the bank to produce for examination various financial records pertaining to transactions between the bank and Wild.

Wild obtained a preliminary injunction restraining the bank from complying with the summons. The United States and Brewer then commenced these proceedings against the bank to enforce the summons, invoking section 7604(a) of the Code, 26 U.S.C. § 7604(a) (1964). Wild intervened, a hearing was held, and an order was entered granting the petition for enforcement. Wild appeals. The bank did not appeal and is named herein as a nominal appellee.[2]

The several purposes for which an Internal Revenue Service summons may be issued are stated in section 7602 of the Code. One such purpose is: " * * * ascertaining the correctness of any return * * *." This was the specific statutory purpose relied upon by Brewer in issuing the summons in question.

Wild contends that appellees failed to prove that Brewer's investigation was for this purpose. On the contrary, he asserts, the record indicates that the summons was desired for the different and impermissible purpose of collecting evidence in aid of criminal proceedings.

In this connection, Wild points to Brewer's testimony that his duty as a special agent is to investigate alleged frauds against the Revenue. Wild also calls attention to a statement of Organization and Functions promulgated by the Internal Revenue Service [3] and other materials,[4] as indicating that the Intelligence Division, to which Brewer is assigned, is concerned only with the enforcement of the criminal statutes.

■■ In order to prevail in an enforcement proceeding of this kind, one seeking enforcement must show that the investigation will be conducted pursuant to a legitimate purpose. United States v. Powell, 379 U.S. 48, 57, 85 S.Ct. 248, 13 L.Ed.2d 112. If the sole objective of an investigation is to obtain evidence for use

2.  A proceeding to enforce an Internal Revenue summons against Air Conditioning Supply Company was before this court in Wild v. Brewer, 9 Cir., 329 F.2d 924.

3.  30 Fed.Reg. 9399–9400 (July 28, 1965), 1966 CCH Stand. Fed. Tax Rep. § 5988, which provides:

    "1118.6 **Intelligence Division.**

    The Intelligence Division enforces the criminal statutes applicable to income, estate, gift, employment, and excise tax laws (except those relating to alcohol, tobacco, narcotics and certain firearms), by developing information concerning alleged criminal violations thereof, evaluating allegations and indications of such violations to determine investigations to be undertaken, investigating suspected criminal violations of such laws, recommending prosecution when warranted, and measuring effectiveness of the investigation and prosecution processes. The Division assists other Intelligence offices in special inquiries, drives and compliance programs and in the normal enforcement programs, including those combating organized wagering, racketeering and other illegal activity, by providing investigative resources upon

regional or National Office request. It also assists U.S. Attorneys and Regional Counsel in the processing of Intelligence cases, including the preparation for and trial of cases."

4.  Among these materials is the following excerpt from Burns, Searches and Seizures: The Suppression of Evidence, N.Y.U. 20th Inst. on Fed. Tax 1081, 1087 (1962):

    "The sole function of a Special Agent in the Intelligence Division of the Internal Revenue Service is to seek evidence of crimes. He has no concern whatsoever with the amount or collection of any additional tax, these being strictly the concern of the revenue agent. He is exactly the same as any other Treasury Agent who may seek evidence of narcotics, counterfeiting, alcohol tax, customs violations, etc. A special agent is a criminal law enforcement officer, just like any state or municipal detective or policeman. He, like any other government agent who enforces the criminal law must obtain a valid search warrant." (Footnote omitted.)

in a criminal prosecution, the purpose is not legitimate and enforcement should be denied. See Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459.

■ If, however, the objective of the investigation is to obtain information which may be utilized in determining whether there is civil liability for a tax or a tax plus penalty, then the summons may be enforced notwithstanding the fact that the information might also be used in a criminal prosecution. See Boren v. Tucker, 9 Cir., 239 F.2d 767, 772–773; Sanford v. United States, 5 Cir., 358 F.2d 685; In re Magnus, Mabee & Raynard, Inc., 2 Cir., 311 F.2d 12, 16.

Information which would aid in deciding whether Wild's returns were correct, is of a kind which may be utilized in determining whether Wild is civilly liable for a tax or a tax plus penalty. The acquisition of such information was the specific objective relied upon in the petition. Brewer confirmed this objective in the course of his oral testimony, stating specifically that he was attempting to reconcile differences between loans as shown on the bank's central liability control sheet, and as shown on the books of the company as having been received from the bank.

■ Brewer's further testimony that his duties as a special agent are to investigate alleged tax frauds does not negative the asserted objective of ascertaining the correctness of Wild's returns, or of the conclusion that information of this kind may be utilized to determine civil liability. See Boren v. Tucker, 9 Cir., 239 F.2d 767, 772–773. In the light of that stated objective, and Brewer's testimony with regard to it, we think the fact that Brewer was assigned to a division of the Internal Revenue Service which has the function of enforcing the criminal statutes is not of controlling importance.

■ We hold that appellees established that the summons was issued for the legitimate purpose of ascertaining information which would aid in determining Wild's civil tax liability. Our conclusion in this regard disposes of Wild's additional argument that enforcement of the summons would impair Wild's rights under the Fourth and Fifth Amendments.

■ Wild further contends that appellees failed to prove the allegations of the petition that the bank records sought would have a direct relation to the correctness of Wild's returns, and the inferential allegation in Brewer's affidavit that the bank records were required for that purpose. Our examination of the record on appeal convinces us that appellees' proof was sufficient in these respects.

Finally, Wild asserts, the petition should have been dismissed as improper under the federal rules. In support of this view, he cites United States v. Powell, 379 U.S. 48, 58, note 18, 85 S.Ct. 248, where it is stated that because section 7604(a) of the Code contains no provision specifying the procedure to be followed, the Federal Rules of Civil Procedure apply. Such proceedings, the Supreme Court went on to say, are instituted by the filing of a complaint, followed by answer and hearing. Wild points out that appellees did not file a complaint, but a petition, and obtained an order to show cause.

■ This matter was called to the attention of the district court and that court included language in the order under review providing that appellees' pleading, denominated a "petition," would be treated as a complaint. This was in conformity with the procedure followed in Martin v. Chandis Securities Co., 9 Cir., 128 F.2d 731, 734, which case is cited in note 18 of United States v. Powell. Appellants had all of the procedural rights they were entitled to under the Federal Rules of Civil Procedure, including an opportunity to answer, which they did, and a hearing. No prejudice has been claimed or shown.

The district court did not err in declining to dismiss the proceeding on procedural grounds.

Affirmed.