**UNITED STATES** of America and Frank W. Bown, Special Agent of the Internal Revenue Service, Petitioners,

v.

Raleigh H. LAWHON, as President of R. H. Lawhon Groves, Inc., and R. H. Lawhon Grove Service, Inc., et al., Respondents.

No. 67–408–Civ–CA.

United States District Court
S. D. Florida,
Miami Division.

May 13, 1967.

William A. Meadows, Jr., U. S. Atty., and Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., and Harry D. Shapiro, Dept. of Justice, Washington, D. C., for petitioners.

Thomas D. Aitken and Norman H. Lipoff, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., for respondents.

## ORDER

ATKINS, District Judge.

On April 19, 1967 a Petition to Enforce Internal Revenue Summonses together with an Order to Show Cause and Affidavit were filed in this Court pursuant to Section 7402(b) and 7604(a) of the Internal Revenue Code of 1954. On the same date the Court ordered the Respondents to Show Cause why they should not be directed to testify and produce certain corporate books and records pursuant to Title 26, U.S.C.A. Section 7602. A hearing was scheduled for May 9, 1967. Respondents answered the Order on May 8, 1967 and made the following contentions:

1. To compel the individual Respondents to testify and to produce the records of their family owned corporations would violate their Fourth and Fifth Amendment privileges.

2. The records called for by the summonses are being sought for the improper purpose of obtaining evidence for use in a criminal prosecution.

3. The summonses should have been issued and served at the institution of this action under Rule 4(a) of the Federal Rules of Civil Procedure.

4. The summonses served on the individual Respondents were directed to them in their individual rather than their corporate capacities.

5. The summonses are ineffective to secure the production of the records of Lawhon Grove Service, Inc., because the initials "R. H." were placed in front of the corporate name on the summonses.

Finally, respondents urge that any books and records obtained by means of a lawful summons should be used only for those purposes specified in Section 7602 of the Internal Revenue Code of 1954.

The hearing was conducted as scheduled, at which time the Court heard and considered the evidence presented by the parties. The Court carefully considered the arguments of counsel for the respective parties and studied their memoranda of law.

■ The first defense seeks to invoke the protection of the Fifth Amendment privilege against self-incrimination. The law is well settled that the Fifth Amendment privilege is not available to corporations or their officers with regard to the production of corporate records. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906); Siegel v. Tyson, 331 F.2d 604 (5th Cir. 1964); Wild v. Brewer, 329 F.2d 924, 927 (9th Cir. 1964); Hair Industry, Ltd. v. United States, 340 F.2d 510 (2nd Cir. 1965). United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944) and Application of Daniels, 140 F.Supp. 322, (S.D.N.Y.1956), cited for the proposition that the privilege exists where the corporations are family-owned, are inapplicable to the present case. Wright v. Detwiler, 241 F.Supp. 753 (W.D.Penn. 1964), aff'd 345 F.2d 1012.

■ Curcio v. United States, 354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1957), involves the privilege against self-incrimination of the custodian of a union's books and records. It is not authority for respondents' contention that the Fifth Amendment protects their refusal to testify in response to the sum-

monses. There is no separate privilege for the testimonial aspect of the summonses. See Boren v. Tucker, 239 F.2d 767 (9th Cir. 1956).

■ Respondents assert that the summonses constitute an unreasonable search and seizure in violation of their Fourth Amendment rights. Wright v. Detwiler, supra, is authority for rejecting this argument.

■ Respondents next contend that the corporate records are being sought for the improper purpose of obtaining evidence for the use in a criminal prosecution. Wild v. United States, 362 F.2d 206 (9th Cir. 1966) has answered this contention adversely to respondents. The Court recognized that if the "sole objective" of the special agent's investigation is to obtain evidence for use in a criminal prosecution, "the purpose is not legitimate and enforcement should be denied. See Reisman v. Caplin, 375 U.S. 440, 449 [84 S.Ct. 508, 11 L.Ed.2d 459].

"If, however, the objective of the investigation is to obtain information which may be utilized in determining whether there is civil liability for a tax or a tax plus penalty, then the summons may be enforced notwithstanding the fact that the information might also be used in a criminal prosecution. (cases cited)."

In the present case, Special Agent Bown is employed in the Office of the Intelligence Division of the District Director of Internal Revenue, Orlando, Florida. In a sworn affidavit Bown stated that he was conducting an investigation "for the purpose of ascertaining the correct income tax liability" of respondent Raleigh H. Lawhon. Bown testified that he was a criminal investigator assigned to take part in a joint audit and intelligence investigation. His duty was to determine whether criminal tax liability might exist and to make recommendations with respect to criminal prosecution.

Information Bown obtained to determine whether Lawhon's returns were correct would aid in deciding whether civil liability existed for a tax or tax plus penalty.

■ Bown's duties do not negate the fact that the summonses were issued for the legitimate objective of obtaining information to determine the correctness of Lawhon's returns. Wild v. United States, 362 F.2d at 209; Sanford v. United States, 358 F.2d 685 (5th Cir. 1966); Boren v. Tucker, supra.

■ Respondents also contend that the summonses should have been issued under Rule 4(a) of the Federal Rules of Civil Procedure. United States v. Powell, 379 U.S. 48, 58, note 18, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) is cited for authority. Petitioners' pleading will be treated as a complaint for purposes of this proceeding. Respondents have been afforded their procedural rights, including an opportunity to answer, which they did, and a hearing. No prejudice has been shown by the use of the "petition" and order to show cause. Wild v. United States, supra.

■■ Respondents' final contentions raise no substantial issues for discussion. The summonses were served on respondents in their corporate capacity. There is no merit to the assertion made that the summonses were directed to the respondents in their individual capacity. Although the initials "R. H." were placed in front of the corporate name, Lawhon Grove Service, Inc., no prejudice to respondents has been demonstrated. The initials will be stricken.

■ Respondents request that the use of any books and records obtained by the summonses be limited to the purposes specified in Section 7602 of the Internal Revenue Code of 1954. Sanford v. United States, supra. It is so ordered.

Subject to the above limitation the Petition be and the same is hereby granted.

Respondents orally moved this Court for a stay of the entry of its order to al-

low time for an emergency appeal to the Fifth Circuit Court of Appeals. A stay for that purpose is hereby granted until Wednesday, May 17, 1967, CCA at 5:00 p. m.