UNITED STATES of America
and Bruce B. Miller,
Petitioners,

v.

E. J. MOTHE, President West Bank Lions
Club and the West Bank Lions
Club, Respondents.

UNITED STATES of America
and Bruce B. Miller,
Petitioners,

v.

Errol J. THERIOT, Former Treasurer,
West Jefferson, Jaycees,
Respondent.

UNITED STATES of America
and Bruce B. Miller,
Petitioners,

v.

Ida BOUDREAUX, as Assistant Cashier
of First National Bank of Jefferson
Parish, and First National Bank of
Jefferson Parish, Respondents,

Kevin L. Donaldson, f/k/a Merton H.
Sweet, Intervenor.

Civ. A. Nos. 68-2172 to 68-2174.

United States District Court
E. D. Louisiana,
New Orleans Division.
Aug. 21, 1969.

,Charles H. White, Asst. U. S. Atty., New Orleans, La., and E. Grady Jolly, Jr., Trial Atty., Dept. of Justice, Washington, D. C., for petitioners.

Nathan Greenberg, of Greenberg & Cohen, Gretna, La., for E. J. Mothe.

William J. White, of White, Fray & White, Gretna, La., for Ida Boudreaux, respondent.

Robert E. Meldman, Milwaukee, Wis., for Kevin L. Donaldson, respondent f/k/a Merton H. Sweet.

## MEMORANDUM OF REASONS

COMISKEY, District Judge.

These actions were brought by the United States of America and Bruce B. Miller, a Special Agent of the Internal Revenue Service, under Sections 7402(b) and 7604(a) of the Internal Revenue Code of 1954, to compel compliance with three Internal Revenue summonses. The three actions, which all involve records pertaining to the same taxpayer, Kevin Donaldson, have been consolidated into one proceeding.

In No. 68–2172, the Government is seeking to enforce a summons issued to E. J. Mothe, the President of the West Bank Lions Club and to the West Bank Lions Club. In this summons the Internal Revenue Service asked for all records of the West Bank Lions Club relating to transactions with the taxpayer and his business firm. In No. 68–2173, the Government is attempting to compel compliance with a summons issued to Errol J. Theriot, the Former Treasurer of the West Jefferson Jaycees, in which summons the Internal Revenue Service also asked for all records reflecting transactions between the West Jefferson Jaycees and the taxpayer and his business firm. In No. 68–2174, the Government is trying to judicially enforce a summons issued to Ida Boudreaux, an Assistant Cashier of the First National Bank of Jefferson Parish, and to the First National Bank of Jefferson Parish. In this summons the Internal Revenue Service sought to obtain certain bank records relating to the account of the taxpayer and his business firm.

The taxpayer Kevin Donaldson has intervened in these suits, contending that the Government's petitions to enforce the summonses should be denied. The taxpayer contends that the principal purpose for issuing the Internal Revenue Service summonses upon the three respondents was to obtain evidence to be used in a criminal prosecution, and that the summonses are therefore without statutory authority.

Section 7602 of the Internal Revenue Code specifies the purposes for which a person's records may be examined by the Internal Revenue Service. This section states, "For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary of his delegate is authorized" to examine books and records and to summon persons for testimony relating thereto. An attempt by the Internal Revenue Service to compel production of records for the sole purpose of a criminal investigation would be outside the scope of this section. Therefore, it is important to determine the purpose for which the summonses in this case were issued.

All of the summonses were issued by Special Agent Bruce B. Miller of the Internal Revenue Service. In a hearing conducted on the enforceability of the summonses, Special Agent Miller testified that he is a member of the Intelligence Division of the Internal Revenue Service (Transcript page 6.) An Internal Revenue Service regulation on internal organization states:

"The Intelligence Division enforces the criminal statutes applicable to in-

come * * * tax laws * * *, by developing information concerning alleged criminal violations thereof, evaluating information and indications of such violations to determine investigations to be undertaken, investigating suspected criminal violations of such laws, recommending prosecution when warranted, and measuring effectiveness of the investigation and prosecution processes. The Division assists other Intelligence offices in special inquiries * * * and in the normal enforcement programs * * by providing investigative resources upon regional or National Office request. It also assists U. S. Attorneys and Regional Counsel in the processing of Intelligence cases, including the preparation for and trial of cases." 1969 CCH Standard Federal Tax Reporter ¶ 5988, Reg. 1118.6.

Special Agent Miller admitted that "our responsibility is primarily in the criminal field." (Transcript, page 32.) He also said that the Intelligence Division investigates possible criminal violations and, at the conclusion of such investigations, makes recommendations as to whether the Government should initiate criminal prosecution proceedings. (Transcript. page 30.)

However, Special Agent Miller repeatedly testified that a major part of his job is to determine civil tax liability (Transcript, pages 8–9, 31, 32–33, 35–36), although he admitted that his primary purpose in determining tax liability is to use it as a foundation in a criminal case. (Transcript, page 31.) However, Special Agent Miller is not the only agent assigned to this case, as he also testified that the determination of civil tax liability in the present assignment is part of his duties in assisting a revenue agent, Alex Brockman, who is assigned to work with him on this case. (Transcript, page 20.)

■ The Court concludes that the Internal Revenue Service is conducting a joint investigation of criminal and civil liability. Although it cannot be doubted that Special Agent Miller was assigned to this case to look into the possibility of criminal prosecution of the taxpayer, we cannot ignore his testimony that a major part of his duties was to determine civil tax liability, and we also must take notice of the fact that a revenue agent has been assigned to work with Special Agent Miller for the purpose of handling the civil aspects of this case.

■■ A taxpayer may intervene in a proceeding such as this and raise the defense "that the material is sought for the improper purpose of obtaining evidence for use in a criminal prosecution * * *." Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964). In United States v. Powell, 379 U.S. 48, 57, 85 S.Ct. 248, 255, 13 L. Ed.2d 112 (1964), the Supreme Court placed the burden on the Commissioner of Internal Revenue to "show that the investigation will be conducted pursuant to a legitimate purpose * * *." A clear summary of the guidelines to be followed in determining whether an investigation is being conducted pursuant to a legitimate purpose was given in Wild v. United States, 362 F.2d 206, 208–209 (9th Cir.1966), in which the Court said:

"In order to prevail in an enforcement proceeding of this kind, one seeking enforcement must show that the investigation will be conducted pursuant to a legitimate purpose. United States v. Powell, 379 U.S. 48, 57, 85 S.Ct. 248, 13 L.Ed.2d 112. If the sole objective of an investigation is to obtain evidence for use in a criminal prosecution, the purpose is not legitimate and enforcement should be denied. See Reisman v. Caplin, 375 U.S. 400, 449, 84 S.Ct. 508, 11 L.Ed.2d 459.

"If, however, the objective of this investigation is to obtain information which may be utilized in determining whether there is civil liability for a tax or a tax plus penalty, then the summons may be enforced notwithstanding the fact that the information might also be used in a criminal prosecution. See Boren v. Tucker, 9 Cir.,

239 F.2d 767, 772–773; Sanford v. United States, 5 Cir., 358 F.2d 685; in re Magnus, Mabee & Reynard, Inc., 2 Cir., 311 F.2d 12, 16."

In the *Wild* case, as in the case before us, the special agent who issued the summons was a member of the Intelligence Division, and the Court cited an authority which stated that the sole function of a special agent of the Intelligence Division is to seek evidence of crimes. Furthermore, the special agent testified that his duty as a special agent was to investigate tax frauds. However, the Court held that this "does not negative the asserted objective of ascertaining the correctness of Wild's returns, or * * * the conclusion that information of this kind may be utilized to determine civil liability. * * * In the light of that stated objective, and Brewer's [the special agent's] testimony with regard to it, we think the fact that Brewer was assigned to a division of the Internal Revenue Service which has the function of enforcing the criminal statutes is not of controlling importance." 362 F.2d at 209.

In Venn v. United States, 400 F.2d 207, 210 (5th Cir.1968), the *Wild* case was cited by the Fifth Circuit Court of Appeals as the chief authority for the assertion that "the mere fact that the evidence obtained through the summons may be later used against the taxpayer in a criminal prosecution is no barrier to enforcement."

In another Fifth Circuit case, Sanford v. United States, 358 F.2d 685, 686 (5th Cir.1966), it was argued that the special agent seeking enforcement of a summons was trying to get information to be used in a criminal prosecution. The Fifth Circuit rejected this argument and said:

"The thrust of the argument for Appellant is that the order granting enforcement should be reversed because, as he contends, information obtained pursuant to enforcement will be used in a criminal prosecution, although none is actually begun.

"It is our view that the Special Agent had the authority to issue *vel non* the summons and the District Court had like authority to order its enforcement. [Citing cases.]

"We intimate no opinion as to the use of the information here obtained in some possible future criminal prosecution. A consideration of that question, if there be room for such, would presently be premature. The Appellant has preserved his objections and the proper time to litigate the point will arrive if and when the anticipated contingency becomes reality."

In In re Magnus, Mabee & Reynard, Inc., 311 F.2d 12, 16 (2d Cir.1962), cert. den. 373 U.S. 902, 83 S.Ct. 1289, 10 L. Ed.2d 198 (1963), the Second Circuit Court of Appeals said:

"If a taxpayer were permitted to challenge every summons issued to a third person who might have books, records or information relating to the ascertainment of tax liability, the government's search for data to establish the truth or falsity of returns or the proper tax if no returns were filed would be completely blocked. Adequate protection against violation of taxpayers' constitutional rights is afforded by safeguarding their own records against illegal search and seizure and by enforcement of the law against self-incrimination. However, to hold that information cannot be obtained under Section 7602 merely because it may be used in criminal proceedings would virtually write that Section out of the statute."

In McGarry v. Riley, 363 F.2d 421, 424 (1st Cir.1966), cert. den. 385 U.S. 969, 87 S.Ct. 502, 17 L.Ed.2d 433 (1966), the First Circuit Court of Appeals said, "That the co-existence of criminal and civil investigations does not vitiate a section 7602 summons seems too well established to require more than a reference to the authorities."

For similar holdings see Boren v. Tucker, 239 F.2d 767 (9th Cir.1956); Lash v. Nighosian, 273 F.2d 185 (1st Cir.1959), cert. den. 362 U.S. 904, 80 S. Ct. 610, 4 L.Ed.2d 554 (1960); Tillotson v. Boughner, 333 F.2d 515 (7th Cir. 1964), cert. den. 379 U.S. 913, 85 S.Ct. 260, 13 L.Ed.2d 184 (1964); United States v. Crespo, 281 F.Supp. 928 (D. Md.1968); United States v. Lawhon, 288 F.Supp. 669 (S.D.Fla.1967).

■ In view of the above authorities we hold that these summonses were legally issued within the scope of 26 U.S. C. § 7602. It is clear from the foregoing cases that the co-existence of criminal and civil investigations does not render illegal a summons issued pursuant to such investigations. However, we express no opinion as to the admissibility of evidence obtained pursuant to these summonses in a possible future criminal prosecution of the taxpayer. Sanford v. United States, *supra*, 358 F.2d 685, 686 (5th Cir.1966); Venn v. United States, *supra*, 400 F.2d 207, 211, note 7 (5th Cir.1968).