UNITED STATES of America and James M. Bittman, Special Agent, Internal Revenue Service, Petitioners,

v.

Louis RABINOVITZ, Respondent, and Donald A. Pollack, Intervenor.

UNITED STATES of America and James M. Bittman, Special Agent, Internal Revenue Service, Petitioners,

v.

Frieda POLLACK, Respondent, and Donald A. Pollack, Intervenor.

UNITED STATES of America and James M. Bittman, Special Agent, Internal Revenue Service, Petitioners,

v.

Anne NELSEN, Respondent, and Donald A. Pollack, Intervenor.

UNITED STATES of America and James M. Bittman, Special Agent, Internal Revenue Service, Petitioners,

v.

MUTUAL REALTY AND CONSTRUCTION COMPANY, Incorporated, Respondent, and Donald A. Pollack, Intervenor.

UNITED STATES of America and James M. Bittman, Special Agent, Internal Revenue Service, Petitioners,

v.

FIRST WISCONSIN NATIONAL BANK, Respondent, and Donald A. Pollack, Intervenor.

UNITED STATES of America and James M. Bittman, Special Agent, Internal Revenue Service, Petitioners,

v.

Rose E. LACY, Respondent, and Donald A. Pollack, Intervenor.

UNITED STATES of America and James M. Bittman, Special Agent, Internal Revenue Service, Petitioners,

v.

MILWAUKEE JEWISH WELFARE FUND, INC., Respondent, and Donald A. Pollack, Intervenor.

Nos. 68-C-346, 68-C-348, 68-C-349, 69-C-53 to 69-C-55, 69-C-71.

United States District Court E. D. Wisconsin.

Nov. 13, 1969.

Robert J. Lerner, U.S. Atty., by Roch Carter, Asst. U.S. Atty., Milwaukee, Wis., and James H. Jeffries III, Trial Atty., Tax Division, U.S. Dept. of Justice, Washington, D.C., for petitioners.

Louis L. Meldman and Robert E. Meldman, Milwaukee, Wis., for Louis Rabinovitz and Frieda Pollack, respondents, and Donald Pollack, intervenor.

Gilbert W. Church, Milwaukee, Wis., for First Wisconsin National Bank.

No appearance for Anne Nelsen, Mutual Realty and Construction Co., Inc., and Rose E. Lacy, respondents.

## OPINION AND ORDER

REYNOLDS, District Judge.

These actions were brought by the United States and James M. Bittman, a Special Agent of the Internal Revenue Service, pursuant to §§ 7402(b) and 7604 (a) of the Internal Revenue Code of 1954, to compel compliance with seven Internal Revenue summonses. All seven actions involve records concerning the same taxpayer, Donald A. Pollack. Counsel have agreed to consider issues common to the cases in one proceeding.

Pollack intervened in the actions and argues that the Government's petitions to enforce the summonses should be denied. He maintains that the summonses were issued primarily to obtain evidence to be used against him in a criminal proceeding, and that the summonses are therefore without statutory authority. The taxpayer has also sought discovery of government agents and Internal Revenue Service documents in his search for evidence that the summonses were issued for an improper purpose.*

Section 7602 of the Internal Revenue Code indicates the purposes for which the records of an individual may be examined by the Internal Revenue Service. The section states:

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

\* \* \* \* "

to examine books and records and to summon individuals for testimony relevant to such investigation. Therefore, "An attempt by the Internal Revenue Service to compel production of records for the sole purpose of a criminal investigation would be outside the scope of this section." United States v. Mothe, 303 F.Supp. 1366 (E.D.La.1969). See also Wild v. United States, 362 F.2d 206,

---

\* In two companion summons enforcement cases involving the same taxpayer— United States v. Borgeson, Case No. 68-C-345, and United States v. Strnad, Case No. 68-C-347—the taxpayer has asserted that the information the summonses are seeking is privileged. These two cases will be decided in a later separate opinion.

208 (9th Cir. 1966). Thus the purpose for which the summonses were issued is crucial to the determination of the case at hand. United States v. Powell, 379 U.S. 48, 57, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964), makes it clear that the burden is on the Commissioner of Internal Revenue to " * * * show that the investigation will be conducted pursuant to a legitimate purpose * *."

James M. Bittman, Special Agent, Internal Revenue Service, issued the summons in each of the seven cases. In a hearing dealing with the enforceability of the summonses, Bittman testified that the primary purpose of his investigation " * * * would be to determine whether or not Mr. Pollack has committed any violation of the Internal Revenue Code." Bittman also indicated that in his capacity as a Special Agent in the Intelligence Division, he investigates possible criminal violations, and on the basis of such investigation makes recommendations as to whether criminal prosecution proceedings should be initiated by the Government.

However, Bittman testified that a major part of his job is determining the tax liability of the person being investigated, and that he and the revenue agent, William C. Johnston, were conducting a joint investigation into the taxpayer's tax liability. As the court said in United States v. Crespo, 281 F.Supp. 928, at 935 (D.Md.1968):

"* * * The revenue agent and the special agent have continued and must continue to work together on the case, inasmuch as the civil and the criminal aspects of the investigation are necessarily interrelated. For example, the correct tax liability must be established before any criminal proceedings could be initiated. Conversely, the existence or nonexistence of fraud will always affect the computation of the correct tax liability. Therefore, the investigation of the corporate books sought here has dual purposes which are interrelated to each other."

This Court concludes that a joint investigation of the criminal and civil liability of the taxpayer is being conducted despite the fact that the special agent was assigned to the case to look into the possibility of criminal prosecution of the taxpayer. A major part of Bittman's duties is to determine, with the assistance of the revenue agent, the civil tax liability of the individual under investigation.

The court in Wild v. United States, supra, enunciated guidelines to be followed in determining whether an investigation is being conducted pursuant to a proper purpose:

"* * * If the sole objective of an investigation is to obtain evidence for use in a criminal prosecution, the purpose is not legitimate and enforcement should be denied. See Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459.

"If, however, the objective of the investigation is to obtain information which may be utilized in determining whether there is civil liability for a tax or a tax plus penalty, then the summons may be enforced notwithstanding the fact that the information might also be used in a criminal prosecution. See Boren v. Tucker, 9 Cir., 239 F.2d 767, 772–773; Sanford v. United States, 5 Cir., 358 F.2d 685; In re Magnus, Mabee & Raynard, Inc., 2 Cir., 311 F.2d 12, 16." 362 F.2d at 208–209.

The Second Circuit in In re Magnus, Mabee & Reynard, Inc., 311 F.2d 12, 16 (2d Cir. 1962), said:

"* * * If a taxpayer were permitted to challenge every summons issued to a third person who might have books, records or information relating to the ascertainment of tax liability, the government's search for data to establish the truth or falsity of returns or the proper tax if no returns were filed would be completely blocked. Adequate protection against violation of taxpayers' constitutional rights is afforded by safeguarding their own records against illegal search and seizure and by enforcement of the law against self-incrimination.

However, to hold that information cannot be obtained under Section 7602 merely because it may be used in criminal proceedings would virtually write that Section out of the statute. * * * "

In United States v. Hayes, 408 F.2d 932 at 936 (7th Cir. 1969), the Seventh Circuit considered a case where a special agent was engaged with a revenue agent in a joint investigation of the taxpayer's federal income tax liabilities, stating:

> "It was also developed that Cornue is a special agent of the intelligence division of I.R.S.; that the intelligence division investigates suspected criminal violations of income tax and other revenue laws and recommends prosecution when warranted; that the investigations of [the taxpayers] are so-called joint investigations, in which a revenue agent works with and at the direction of the intelligence agent; that the objects of the joint investigation are to determine tax liability and whether there has been a criminal violation of the internal revenue code.

> "The fact that an investigation for the purpose of determining tax liability is deemed likely to produce evidence warranting criminal prosecution does not make the use of summons an improper use."

The court in Ahmanson v. United States, 409 F.2d 694 (9th Cir. 1969), was even more emphatic in dismissing an appeal from dismissal of a taxpayer's counterclaim in a judicial summons enforcement action where the improper purpose argument was raised. The court stated at 697:

> "It is clear that summonses to examine taxpayer's records, obtained pursuant to 26 U.S.C. § 7602, may be used even where their purpose is allegedly to uncover crime, when no criminal case is actually pending against the taxpayer. * * * "

In light of the above-cited authorities, the Court is compelled to conclude that these summonses were legally issued within the scope of 26 U.S.C. § 7602.

The cases discussed clearly indicate that a joint criminal and civil investigation does not render illegal a summons issued pursuant to such investigation.

The Court further finds that the taxpayer's request for further discovery of government agents and documents must be denied. Such discovery seeks information concerning the question of whether the summonses were issued for a proper purpose, and the Court decides that question today.

It is therefore ordered that the motion of the intervenor, Donald A. Pollack, to take depositions of government agents and for production of government documents is denied at this time.

It is further ordered that the petition for enforcement of the summonses served on respondents is granted. An appropriate order will be entered.