**UNITED STATES of America and Roy R. Koch, Special Agent, Internal Revenue Service, Petitioners,**

v.

**Joseph F. SCHOENDORF, Sr., and Joseph F. Schoendorf, Jr., Respondents,**

v.

**Thomas J. SCHOENDORF, Intervenor.**

No. 69–C–56.

United States District Court
E. D. Wisconsin.

Jan. 12, 1970.

Robert J. Lerner, U. S. Atty., by Roch Carter, Asst. U. S. Atty., Milwaukee, Wis., and James H. Jeffries III, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for petitioners.

Joseph F. Schoendorf, Jr., Milwaukee, Wis., for respondents.

Robert E. Meldman, Milwaukee, Wis., for intervenor.

## OPINION AND ORDER

REYNOLDS, District Judge.

This action was brought by the United States and Roy R. Koch, a Special Agent of the Internal Revenue Service ("IRS"), pursuant to §§ 7402(b) and 7604(a) of the Internal Revenue Code of 1954, to compel compliance with two Internal Revenue summonses. The summonses were issued to the respondents by Koch on October 10, 1968, and seek information concerning transactions between respondents and the taxpayer under investigation, Thomas J. Schoendorf, who is the intervenor.

In the course of a Collection Division delinquency investigation, Revenue Officer Donald W. Mallow determined that the taxpayer had apparently failed to file federal income tax returns for the years 1965, 1966, and 1967. Following standard operating procedure of the IRS, Mallow referred the matter to the Intelligence Division and thereafter had nothing further to do with the matter. Koch was assigned in August of 1968 to conduct an investigation of the failure of the taxpayer to file a tax return for the years 1965, 1966, and 1967, and any tax liabilities which might be due.

On October 10, 1968, two summonses were issued by Koch directing the respondents to appear before him and produce records relating to the tax liabilities of the taxpayer. Respondents appeared before Koch in response to the summonses issued them but were unable

to testify or produce the records demanded because the taxpayer had petitioned for and been granted a temporary restraining order by the United States District Court, Eastern District of Wisconsin, restraining the respondents from complying with the summonses until such time as an order of a court of competent jurisdiction was issued requiring compliance therewith.

On October 24, 1968, Internal Revenue Agent Thomas E. Nordyke was assigned to work with Koch in the investigation. On February 3, 1969, the petitioners filed a petition to enforce internal revenue summonses, which is now before the court. The taxpayer moved to intervene in the action as a respondent, and on March 5, 1969, the court granted the motion.

An evidentiary hearing was held on March 26, 1969, and the parties have submitted briefs on the issues before the court. The Court is now prepared to make its findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

The taxpayer argues that the enforcement of the summonses should be denied because: (1) they were issued primarily to obtain evidence to be used against him in a criminal proceeding, and (2) they are therefore without statutory authority. In connection with this contention, the taxpayer has sought discovery of government agents and documents in his search for evidence that the summonses were issued for an improper purpose. The taxpayer also maintains that the documents and materials sought by the summonses represent the private papers of each of the members of a law office association which includes respondents and taxpayer as members, and that production of such documents and materials will be violative of taxpayer's rights under the Fourth and Fifth Amendments.

### PURPOSE OF THE SUMMONSES

Section 7602 of the Internal Revenue Code indicates the purposes for which the records of an individual may be examined by the IRS. The section states:

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—"

to examine books and records and to summon individuals for testimony relevant to such investigation. Therefore, "An attempt by the Internal Revenue Service to compel production of records for the sole purpose of a criminal investigation would be outside the scope of this section." United States v. Mothe, 303 F.Supp. 1366, 1367 (E.D.La.1969). The Court in Wild v. United States, 362 F.2d 206, 208–209 (9th Cir.1966), enunciated guidelines to be followed in determining whether an investigation is being conducted pursuant to a proper purpose:

"* * * If the sole objective of an investigation is to obtain evidence for use in a criminal prosecution, the purpose is not legitimate and enforcement should be denied. See Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459.

"If, however, the objective of the investigation is to obtain information which may be utilized in determining whether there is civil liability for a tax or a tax plus penalty, then the summons may be enforced notwithstanding the fact that the information might also be used in a criminal prosecution. See Boren v. Tucker, 9 Cir., 239 F.2d 767, 772–773; Sanford v. United States, 5 Cir., 358 F.2d 685; In re Magnus, Mabee & Raynard, Inc., 2 Cir., 311 F.2d 12, 16."

The taxpayer argues that because at the time the summonses were issued the revenue agent was not assigned to the

case, the investigation was not a joint investigation, pursuant to which summonses may be issued. United States v. Hayes, 408 F.2d 932 (7th Cir.1969). However, a special agent has authority to issue a summons when he is involved in an independent investigation if the purpose for which the summons is issued is proper. *Wild,* supra. Therefore, the court must determine on the basis of the record whether the summonses were issued for a proper purpose.

It appears from the testimony of Koch before the court and on deposition that the sole objective of his investigation was not to obtain evidence for use in a criminal prosecution. He said that his purpose in seeking the records by summons was to determine the additional tax due or tax liability and to determine whether there were any criminal violations of the Internal Revenue laws. He testified at the evidentiary hearing that "* * * in this investigation and any investigation, I would have to first determine the tax that is due and then whether there have been criminal violations of Internal Revenue laws." (Tr. p. 39) Information which would aid in deciding whether the taxpayer had earned sufficient income to be required to file a return is of a kind which may be utilized in determining whether the taxpayer is civilly liable for a tax plus penalty.

Koch's testimony that his duties as a special agent include responsibility for determining whether there is a violation of law does not negate the objective of ascertaining the amount of income of the taxpayer, or of the conclusion that information of this kind may be utilized to determine civil liability. The fact that shortly after Koch was assigned to the case he requested that a revenue agent be assigned to participate in the investigation is further indication that the sole purpose was not to gather information for a criminal prosecution, for the function of a revenue agent in a joint investigation is to assist in the determination of tax liability and criminal violation. *Hayes,* supra.

█ This Court holds that petitioners have established that the summonses were not issued solely to gather information for use in a criminal prosecution. Therefore, the summonses were issued for a proper purpose and should be enforced unless the information sought is privileged.

## DISCOVERY

This Court further finds that the taxpayer's request for further discovery of government agents and discovery of government documents must be denied. Testimony as to the nature of the investigation was taken at the evidentiary hearing in which the taxpayer participated, and this constituted discovery. On the basis of that evidence, I have decided that the summonses were issued pursuant to a proper purpose.

## PRIVILEGE

Joseph F. Schoendorf, Sr., Joseph F. Schoendorf, Jr., and Thomas J. Schoendorf individually and independently practice law out of the same offices in Milwaukee. The summonses seek cancelled checks and other records from a checking account in the name of Schoendorf, Sr. This account was used to receive fees earned by attorneys in the office and to disburse money for court fees and to clients. At no time have the respondents and the taxpayer been a partnership for state or federal income tax purposes, nor have they ever claimed to be a partnership for any purpose.

It is the position of the taxpayer that the records of the account constitute the records of the Schoendorf "association" and that these records are the private records of each of the "association" members. It is argued that if the records are ordered to be produced, the taxpayer's rights under the Fourth and Fifth Amendments will be violated.

██ It is clear that in certain partnership situations where there is joint ownership and a "standard partnership pattern of joint and several powers and responsibilities," the partnership's pa-

pers are assumed to be within the privilege available to any or all of the partners. United States v. Cogan, 257 F. Supp. 170, 174 (S.D.N.Y.1966). However, it is admitted by the taxpayer that the "association" is not a partnership, and that the checking account is in the name of Schoendorf, Sr. There is no joint ownership of the account, and therefore the papers of the account are not within the privilege against self-incrimination available to the taxpayer if the records were requested of him. In United States v. Crespo, 281 F.Supp. 928 (D.Md.1968), the court did not allow the majority stockholder of a two-stockholder corporation to invoke the Fifth Amendment privilege to prevent the Government from obtaining corporate books in his possession. Chief Judge Thomsen followed the rule that the privilege cannot be invoked by a corporate officer on behalf of corporate records and said:

"* * * Respondents' argument that in certain areas of the law a corporation may choose to be treated as a partnership does not require a different result. Here, the corporate form was chosen and cannot be discarded merely because an income tax investigation is under way." 281 F.Supp. at 937.

Likewise, in the case at bar the attorneys chose not to practice as a partnership, and this determination cannot now be changed merely because there is a tax investigation under way. Because there is no joint ownership of the account, the privilege against self-incrimination of the taxpayer does not extend to the records of the account that are not in his possession.

It is therefore ordered that the motion of the intervenor, Thomas J. Schoendorf, for further discovery be and it hereby is denied.

It is further ordered that the petition for enforcement of the summonses served on respondents be and it hereby is granted. An appropriate order will be entered.