See also, D.C., 317 F.Supp. 414.

**UNITED STATES of America et al., Petitioners,**

v.

**William J. TROUPE et al., Respondents.**

**No. 18277–4.**

United States District Court,
W. D. Missouri, W. D.

Aug. 14, 1970.

On Motion to Vacate Order and for New Trial, Sept. 3, 1970.

Jeffrey D. Snow, Tax Div., U. S. Dept. of Justice, Washington, D. C., Bert C. Hurn, Neosho, Mo., for petitioners.

Merrill R. Talpers, Fallon, Olsen, Talpers & Thompson, Robert W. Brown, Kansas City, Mo., for respondents.

## MEMORANDUM AND ORDER DIRECTING COMPLIANCE WITH INTERNAL REVENUE SUMMONS

ELMO B. HUNTER, District Judge.

This is an action brought pursuant to the provisions of 26 U.S.C. §§ 7402(b) and 7604(a) to enforce a summons issued by petitioner Ryan, a Special Agent

of the Internal Revenue Service, which directs respondent Troupe to produce for examination certain accounting records and information relating to the tax liabilities of the B & C Meat Company, Inc. Petitioners seek an order of the Court directing respondent Troupe to comply with the terms of the summons which was issued on November 21, 1969. Respondent Troupe is a partner in the accounting firm which performs accounting services for the B & C Meat Company, Inc. On June 5, 1970, the Court granted the B & C Meat Company, Inc., the corporate taxpayer; Carl Civella, a shareholder and employee of the taxpayer; and Albert G. Brandmeyer, a shareholder and officer-director of the taxpayer, leave to intervene as party respondents.

On November 21, 1969, petitioner Ryan issued a summons, Treasury Form 2039, directing respondent Troupe to appear on December 2, 1969, and to testify and produce for examination certain records regarding the income tax liabilities of the corporate taxpayer. On the date specified in the summons, William Mangold did appear in response to that summons but he refused to testify or produce the records described in the summons. Petitioners subsequently filed this action to compel compliance with the terms of the summons. The summons issued by petitioner Ryan directs the production for examination the following records and documents with respect to the tax years 1965–1968:

> "All of you (sic) firm's records relating to accounting work done for B & C Meat Company, Inc. including all work papers and correspondence."

> "All records of B & C Meat Company, Inc., that are presently in your possession, including all books of account, workpapers, records, and memoranda."

In his answer to the present petition, respondent Troupe sets forth the following allegations: (1) "that the Internal Revenue Summons issued in this case violates respondent's rights under the fourth amendment to the United States Constitution in that the summons is vague, excessively broad and indefinite and requires the production of matters clearly irrelevant to this case," and (2) "that the Internal Revenue Summons issued in this case calls for the respondent to violate the accountant-client privilege granted by § 326.151 of the Revised Statutes of Missouri (1959) as amended in 1967, by the disclosure of communications of the client (both oral as well as those made through the media of books) without the consent of the client." The intervenor-respondents also set forth those particular defenses to the enforcement of the summons in issue. Additionally, however, the intervenor-respondents Civella and Brandmeyer contend that the summons constitutes an attempt to obtain information "for unlawful purposes not cognizable by Section 7602 of the Internal Revenue Code of 1954" in that it is designed to aid in the preparation of a criminal case against them; that the summons is being used for harassment; and that it constitutes "an unwarranted and unconscionable 'fishing expedition' to seek evidence for a criminal action."

On July 13, 1970, this case was set for hearing upon the various motions of the respondents for certain pretrial discovery. During that proceeding respondents were allowed to orally depose petitioner Ryan as to matters relevant to this proceeding. Additionally, respondents were given answers to the interrogatories which respondents propounded on June 26, 1970. Shortly thereafter, on July 22, 1970, as ordered by the Court in the earlier discovery proceeding, a full evidentiary hearing was held to consider all of the issues raised herein. Counsel for both sides stipulated that the testimony and evidence adduced at the earlier proceeding would be reintroduced as evidence. Thus, the Court will give full consideration to the evidence and testimony adduced at both hearings.

### Valid Purpose

■ Perhaps the most basic issue raised by the respondents in this proceeding is whether the summons sought

to be enforced herein was issued by governmental authorities for a "valid purpose" within the meaning of Title 26, U.S.C., Section 7602. As stated by the Ninth Circuit Court of Appeals in Wild v. United States, 362 F.2d 206 (9th Cir. 1966) at page 209:

> "In order to prevail in [a] proceeding of this kind [under 26 U.S.C. §§ 7402 & 7604] one seeking enforcement must show that the investigation will be conducted pursuant to a legitimate purpose. United States v. Powell, 379 U.S. 48 [85 S.Ct. 248, 13 L.Ed.2d 112]. If the *sole* objective of an investigation is to obtain evidence for use in a criminal prosecution, the purpose is not proper and enforcement should be denied. See Reisman v. Caplin, 375 U.S. 440 [84 S.Ct. 508, 11 L. Ed.2d 459] (emphasis added).

> "If, however, the objective to the investigation is to obtain information which may be utilized in determining whether there is a civil liability for a tax or a tax plus penalty, then the summons may be enforced notwithstanding the fact that the information might also be used in a criminal prosecution. See Boren v. Tucker, 9 Cir., 239 F.2d 767, 772–773; Sanford v. United States, 5 Cir., 358 F.2d 685; In re Magnus, Mabee & Raynard, Inc., 2 Cir., 311 F.2d 12, 16." See also: United States v. Giordano, 419 F.2d 564, 568 (8th Cir. 1969); United States v. Hayes, 408 F.2d 932, 936 (7th Cir. 1969); United States v. Mercurio, 418 F.2d 1213 (5th Cir. 1969); United States v. Michigan Bell Telephone Co., 415 F.2d 1284, 1286 (6th Cir. 1969); and Howfield, Inc. v. United States [Ahmanson v. United States], 409 F.2d 694 (9th Cir. 1969).

Thus, as evidenced by the authorities above, it is well-established that a tax summons seeking information to determine civil tax liabilities is proper and should be enforced, even though the information might later be used in criminal proceedings.

In the hearing of July 13, 1970, petitioner Ryan testified that he was directed into his present investigation of the corporate taxpayer through a previous assignment in investigating the tax liabilities of intervenor-respondent Civella; that he determined that respondent Civella was associated with the corporate taxpayer as a principal officer during that period of time; that upon examination of respondent Civella's tax returns he discovered a "miscellaneous income" entry which did not specify the precise source of such income; that, in view of that income entry and the possibility that such income had been generated by the corporate taxpayer, it was necessary to accumulate information to authenticate the tax returns of the corporation; that in order to secure such information petitioner Ryan issued the summons presently in issue; that the information sought is currently in the possession of respondent Troupe; and that even though a representative of the respondent appeared at the time and place specified in the summons, he refused to testify or produce the information described in the summons.

Although there is some indication in this record that intervenor-respondent Civella has been previously investigated by certain agencies of the United States Government, there is not substantive showing which would indicate that the disputed summons was issued for the sole and primary purpose of gathering information for a criminal prosecution by those authorities, or, for that matter, that any criminal prosecution is presently contemplated by officials of the Internal Revenue Service. Rather, it is abundantly clear from the record that the purpose of the petitioners in issuing the summons was to obtain information in order to ascertain the civil tax liabilities of the corporate taxpayer and to check the accuracy of its tax returns. Such action falls directly within the scope of 26 U.S.C. § 7602, and is, therefore, a proper use of the summons power granted under that statutory section.

### The Fourth Amendment

■ As previously stated, respondents contend herein that the summons in issue is "vague, excessively broad and indefinite and requires the production of matters clearly irrelevant to this case" and that it therefore violated their Fourth Amendment rights under the United States Constitution. The testimony and evidence in this case reveal that the materials sought are clearly relevant to the purpose for which the summons was originally issued; namely, for securing information as to the accuracy of the corporate taxpayer's tax returns and as to any potential civil tax liability.

In a case very similar to this action, involving similar materials and substantially corresponding tax years, the Eighth Circuit Court of Appeals stated:

> "The taxpayer contends that the summons is invalid because it is overly broad in that it seeks all of the taxpayer's reports and records pertaining to the tax years involved. The short answer to this is that the uncontradicted evidence established that every document demanded would relate to the tax liability for the years involved and, of course, the Government has the statutory right to this information." United States v. Giordano, 419 F.2d 564, 569 (8th Cir. 1969).*

Furthermore, so long as the material sought is relevant, broadness alone is not sufficient justification to refuse enforcement of the summons. Adams v. Federal Trade Commission, 296 F.2d 861, 864 (8th Cir. 1961); United States v. Giordano, supra. And, in the present case, respondents have not raised objection to any specific documents or information. See Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 195, 66 S. Ct. 494, 90 L.Ed. 614 (1945).

### The Fifth Amendment

■ As to the enforcement of the summons issued by petitioner Ryan, intervenor-respondents Civella and Brandmeyer contend that production of the designated documents would violate their Fifth Amendment privilege against self-incrimination. This contention requires little discussion as it is well-established that an order to produce corporate books and records does not violate an individual's privilege against self-incrimination. See United States v. Giordano, 419 F.2d at 569, and cases cited therein. For an exhaustive discussion of this point, see also United States v. Crespo, 281 F.Supp. 928, 937 (D.Md.1968). Therefore, respondents Civella and Brandmeyer clearly lack standing to raise this Fifth Amendment contention as to information relating to the corporate taxpayer and which was prepared by and remains in the possession of a third person, respondent Troupe. The corporate taxpayer, B & C Meat Company, Inc., has not raised such contention, nor as a corporate entity, is it entitled to do so. See United States v. White, 322 U.S. 694, 699, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944); Campbell Painting Corporation v. Reid, 392 U.S. 286, 289, 88 S.Ct. 1978, 20 L.Ed.2d 1094 (1967), and cases cited therein.

### The Attorney-Client Privilege

■ There remains the claim raised by each of the respondents that disclosure of the information sought by the petitioners in the summons would violate the accountant-client privilege established by state statutory law. No common law accountant-client privilege is recognized by the Federal courts. United States v. Balistrieri, 403 F.2d 472, 481 (7th Cir. 1968); United States v. Bowman, 236 F.Supp. 548 (D.Pa. 1964), aff'd 358 F.2d 421 (3d Cir. 1966); In re: Colton, 201 F.Supp. 13 (S.D.N.Y.1961), aff'd 306 F.2d 633 (2nd Cir. 1962), cert. den. 371 U.S. 951, 83 S. Ct. 505, 9 L.Ed.2d 499. Although federal courts may recognize state statutory privileges as a matter of comity, such

---

\* Although respondents have not specifically raised the question of the statute of limitations as to the civil liabilities of the corporate taxpayer for the years 1965–1968, see 419 F.2d 564, 568 for a discussion of question as it might relate to the present case.

deference will not be given to state privileges in actions in which the United States is seeking to proceed under federal law. See C. Wright § 93, pg. 414 (1970 ed.); Falsone v. United States, 205 F.2d 734 (5th Cir. 1953), cert. den. 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375; United States v. Balistrieri, *supra*; Federal Trade Commission v. St. Regis Paper Company, 304 F.2d 731 (7th Cir. 1962); United States v. Jaskiewicz, 278 F.Supp. 525 (D.Pa.1968); United States v. Kansas City Lutheran Home and Hospital Ass'n., 297 F.Supp. 239 (W.D.Mo. 1969). See also Sale v. United States, 228 F.2d 682, 686 (8th Cir. 1956). Moreover, where records relating to tax liability are sought, the existence of 26 U.S.C. § 7602 negates any privilege which might otherwise exist. Lustman v. Commissioner of Internal Revenue, 322 F.2d 253, 259 (3d Cir. 1963).

Accordingly, for the reasons stated above, respondent Troupe is hereby ordered to obey the above-mentioned summons and each and every requirement thereof, and attend and produce the records required and called for by the terms of the summons before Special Agent Ryan, or any other proper officer of the Internal Revenue Service at such time and place as may hereafter be fixed by Special Agent Ryan, or any other proper officer of the Internal Revenue Service.

It is so ordered.

## ON MOTION TO VACATE ORDER AND FOR NEW TRIAL

This matter is presently before the Court upon the motion of intervenor-respondent Carl Civella requesting that the Court set aside its order of August 14, 1970, and grant a further hearing in this proceeding. The order of August 14, 1970, directed respondent Troupe to comply with the Internal Revenue summons issued on November 21, 1969, by petitioner Ryan which called for the production of certain records and documents relating to the civil tax liability of the B & C Meat Company, Inc., a corporate taxpayer. Intervenor-respondent Civella is a shareholder and employee of the company.

In support of his present post-trial motion, intervenor-respondent Civella sets forth the following grounds: (1) that the Court erred in its finding that the summons was issued pursuant to a valid purpose; (2) that the Court erred in not permitting full pre-trial discovery as contemplated by the Federal Rules of Civil Procedure; (3) that intervenor-respondent Civella was prejudiced by his reliance upon the issuance of Standard Pretrial Order No. 1; and (4) that the order of the Court is excessively broad and does not restrict the use of the materials which were required to be produced.

For the reasons previously stated by the Court in its order of August 14, 1970, intervenor-respondent Civella's motion must be overruled. In view of the evidence adduced at both the hearings in this proceeding, and especially the testimony of petitioner Ryan, it is clearly apparent that the disputed Internal Revenue summons was issued for a valid purpose within the meaning of 26 U.S.C. § 7602. Petitioner Ryan testified that, in his capacity as a Special Agent for the Internal Revenue Service, he was assigned to audit the income tax liability of the corporate taxpayer; that he was led into this assignment by a previous investigation of the tax liabilities of intervenor-respondent Civella; that he determined that Civella was associated with the corporate taxpayer as a principal officer during a portion of the tax years then being investigated with regard to the corporate taxpayer; that Civella made unspecified miscellaneous income entries on his tax returns which might relate to the returns of the corporate taxpayer; that production of the documents requested by the summons were necessary for the authentication of the tax returns of the corporate taxpayer; and that such production of documents was necessary to accurately determine the civil tax liability of the corporate taxpayer. Further testimony adduced by Henry Rathert, District Direc-

tor of the Internal Revenue Service, revealed that the present tax investigation of the corporate taxpayer by petitioner Ryan was commenced solely upon the initiative of the Internal Revenue Service; that before a criminal investigation could be initiated against a taxpayer, civil tax liability must first be determined; that only a small percentage of tax investigations ultimately resulted in criminal prosecution; that in order to accurately determine the civil tax liability of the corporate taxpayer further production of corporate records was necessary; and that he had not been contacted by members of a federal "strike force" with respect to the tax liability of intervenor-respondent Civella. Thus, as previously stated by the Court, it appears from the record that in issuing the summons, petitioner Ryan was attempting to authenticate the accuracy of the tax returns of the corporate taxpayer for the primary purpose of determining its civil tax liability. Therefore, in view of that purpose, the issuance of the summons was proper and the summons should be enforced (see authorities cited in the order of August 14, 1970).

Intervenor-respondent Civella's contentions as to the use of discovery in this proceeding and the procedures employed therein are equally without merit. Although Standard Pretrial Order No. 1 was issued in this case by the Clerk of the Court, during the hearing of July 13, 1970, counsel for the respondents were fully advised by the Court that such standard orders were normally issued in routine civil cases and that extensive and lengthy pretrial discovery was not contemplated in cases such as this. Furthermore, the Court directed petitioner Ryan to answer those interrogatories propounded by the respondents which were proper under the Federal Rules of Civil Procedure. Such answers were given. Thereafter, a full evidentiary hearing was set to consider the merits of the issues raised herein. That hearing was held ten days after the earlier hearing, a sufficient time for the respondents to prepare their challenges to the enforcement of the summons.

 Although the decisions of the Supreme Court in United States v. Powell, 379 U.S. 48, 49, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) and Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964) envision an "adversary hearing" in proceedings such as this, they do not contemplate protracted civil litigation such as intervenor Civella now suggests. Rather, those decisions and the statutory sections under which this proceeding was initiated contemplate an expeditious proceeding with limited pre-trial discovery as provided in the discretion of the Court. See: Daly v. United States, 393 F.2d 873, 875–876 (8th Cir. 1968), and United States v. Ruggeiro, 300 F.Supp. 968 (D.Cal.1969). As stated by the Seventh Circuit Court of Appeals in United States v. Beneford, 406 F.2d 1192 (1969) at page 1194:

"The rule that the taxpayer * * * is entitled to an adversary hearing before enforcement is ordered does not, in our opinion, extend *carte blanche* to obstruct and delay the enforcement proceeding. Rule 81(a) (3) F.R.Civ. P. contemplates that in any particular enforcement proceeding the court may modify or limit the applicability of the federal rules. * * * *The standard, as we see it, is that taxpayer must be afforded a meaningful adversary hearing of legitimate challenges."* (Emphasis added)

In the present case, respondents were given ample opportunity to prepare and present whatever legitimate challenges they desired. Further, as previously stated, respondents were also given an opportunity to conduct limited pre-trial discovery. Thus, intervenor's contentions in this respect must be overruled.

 There remain intervenor's contentions as to the alleged broadness on this Court's order of August 14, 1970. Throughout this proceeding, respondents raised no specific objections to particular documents requested in the summons of November 21, 1969. Rather, respond-

ents raised vague, general objection as to the broadness and vagueness of the summons. Furthermore, there is nothing in this record to contradict the evidence of the petitioners that all of the requested documents are necessary for the determination of the civil tax liability of the corporate defendant. Therefore, intervenor-respondent Civella's complaint concerning the alleged broadness of the August 14, 1970 order is also without merit. See: Oklahoma Press Publishing Company v. Walling, 327 U. S. 186, 195, 66 S.Ct. 494, 90 L.Ed. 614 (1945); United States v. Giordano, 419 F.2d 564, 569 (8th Cir. 1969); and Adams v. Federal Trade Commission, 296 F.2d 861, 864 (8th Cir. 1961).

Accordingly, for the reasons stated above and in the order of August 14, 1970, the motion of intervenor-respondent Carl Civella is hereby overruled.

It is so ordered.